MARGARET BUSH, f. w. c., v. MARGARET DECUIR AND HER HUSBAND.

Proof that in the ordinary transactions of life one has acted as the agent of another does not show a power nor furnish presumptive evidence of a power to accept donations.

That defendant's ancestor once lived in a state of concubinage with the plaintiff will not defeat an action brought by the latter against the former to carry out an act of donation, *inter vivos*, made by defendant's ancestor to plaintiff, " of movables not exceeding one-tenth part of the whole value of his estate." C. C., 1468.

In an action against the wife, service of citation on husband or wife is sufficient to interrupt prescription. C P., 192. The fact that the husband was not personally cited, and the wife not authorized to defend the suit until after the term of prescription pleaded had elapsed, did not destroy the effect of a legal service of citation upon the wife.

C. C., 3484, 3516.

APPEAL from the District Court of Pointe Coupée, *Robertson, J.*
*W. H. Cooley*, for plaintiff and appellant. *Provosty & Farrar*, for defendant.

SPOFFORD, J.   It does not appear that any evidence in the power of the defendant was rejected in consequence of the disallowance of the amended answer.   As the defendant herself insists that the nature of the defence could not have been altered by the amendment, and that the issue would be substantially the same, only more explicitly stated, we cannot see any good ground for remanding the cause in the fact that the proposed amendment was refused.

The refusal of the District Judge to permit the plaintiff's counsel to be examined as to his having been employed by *Samuel Bush* works no injury to the defendant.   If the facts were as alleged in the bill of exceptions, they would not affect the merits of the case.

There was no error in the refusal of the Judge to hear testimony to the effect that *Samuel Bush*, in the ordinary transactions of life acted as the plaintiff's agent.   That could not have given him power, or furnished even presumptive evidence of a power, to accept donations or to make contracts of the nature sought to be established by the defendant.

We think the declarations of *Jean Baptiste Decuir* and his conversations with *Bush* out of the presence of plaintiff were improperly received as evidence for his universal heir, who in this suit occupies the position of *Decuir* himself.

The interrogatory put by the plaintiff's counsel in cross-examination merely opened the question of concubinage, but did not authorize the introduction of incompetent evidence upon that question.

Rejecting the evidence that was improperly received, there is nothing in the defence upon the merits but the simple fact that the defendant's ancestor once lived in concubinage with the plaintiff.

By a positive provision of the Code that fact did not incapacitate him from making a donation *inter vivos* to her of movables not exceeding one-tenth part of the whole value of his estate.   C. C., 1468.

<div style="float:left">BUSH<br>v.<br>DEGUIR.</div>

The act of donation was most formal; it was absolute and irrevocable; it was of a sum of money not exceeding the limit prescribed in Article 1468; it was accepted by the plaintiff in a formal act, and the acceptance notified to the donor before his death.

The suit is founded upon the act of donation, not upon the note; the donation was of a specific sum of money, not of the note; that was given, as the act states, merely to facilitate the donee in disposing of the amount donated, should she wish to do so; she has not done so, but now sues for it, and we think the heir is bound by the act of her ancestor.

Prescription had not accrued when citation was served upon the defendant, a married woman; service of citation, so as to interrupt prescription, could have been lawfully made upon either husband or wife. C. P., 192. The fact that the husband was not personally cited, and the wife not authorized to defend the suit until after the term of prescription pleaded had elapsed, did not destroy the effect of a legal service of citation upon the wife. C. C., 3484, 3516.

It is, therefore, ordered that the judgment of the District Court be reversed; it is further ordered, adjudged and decreed that the plaintiff recover of the defendant the sum of two thousand dollars, with eight per cent. interest thereon from the 31st March, 1849, until paid, and costs in both courts.