## No. 54.—C. McCARTY v. STRAUS and BAER & STRAUS.

Where the names of one of the parties to a contract has been signed by a person representing himself to the other as their agent, and the parties whose names have been thus signed specially deny the authority in a suit to enforce it, the burden of showing authority in the agent to sign the names of the principals, or a subsequent ratification by them, falls on the party who seeks to enforce the contract.

APPEAL from the District Court of Caddo Parish. *Weems,* J. *James W. Duncan,* for plaintiff and appellee. *Williamson & Levisee,* for defendants and appellants.

LUDELING, C. J. The plaintiff sues the defendants ·*in solido* for five thousand dollars in specie, the value of twenty thousand pounds of lint cotton. The claim is based on the following instrument :

"SHREVEPORT, LA., May 29, 1865.

" I have this day sold, and by these presents do bargain and sell on my own account and for Baer & Straus, forty bales of good middling cotton, averaging five hundred pounds per bale (twenty thousand pounds in all), to be delivered immediately if called for, to C. McCarty, of this city. Also I sell and transfer on the same account and to the said McCarty, forty-seven bales of cotton, marked J. S., now at Monterey, in Texas, originally stored with A. M. Hull & Co., of Shreveport, and removed to Monterey.

" Now, it is understood and agreed that if I, the said Jacob Straus, or Baer & Straus, shall deliver to the said McCarty twenty thousand pounds of good middling cotton in good shipping order in Shreveport, or shall pay to him in specie the value of said twenty thousand pounds of cotton, estimating the price according to current rates when the trade may be opened regularly with New Orleans ; then the sale of the cotton named (if money is paid) shall be annulled, and the whole eighty-seven bales of cotton shall return and belong to Baer & Straus ; otherwise the said McCarty can proceed to obtain out of the whole amount the value, in the Shreveport market, of twenty thousand pounds of good middling cotton as aforesaid.

"BAER & STRAUS,
"per JACOB STRAUS."

And the plaintiff prayed for and obtained a writ of sequestration against certain cotton in the possession of Baer & Straus, on the ground that he had a privilege on it.

The defendants filed a motion to set aside the sequestration, on the ground that the plaintiff had no privilege on the cotton sequestered. And by consent the motion was tried with the merits.

The defendants, Baer & Straus, filed an answer in which, after a general denial, they specially deny that the document sued upon was signed by them or either of them, or by any one authorized to represent them.

The defendant Jacob Straus filed no answer, and no default was taken as to him.

There was judgment in favor of the plaintiff for four thousand dollars in specie against all the defendants in solido, and maintaining the writ of sequestration issued against the cotton.

All the defendants have appealed.

Baer & Straus expressly denied that the instrument sued on was signed by them, or by any one who had authority to bind them. It was the plain duty of the plaintiff to prove that Jacob Straus was authorized by them to bind them, or to prove that they had ratified his acts. The evidence in this record fails to satisfy us that Jacob Straus was authorized to bind Baer & Straus, or that Baer & Straus ever ratified his acts. The acts of a party from which the ratification of a contract is sought to be deduced, must evince clearly and unequivocally *his intention to ratify.* 17 La. 286, Copeland *v.* Mickie et al. There is no evidence to show that Baer & Straus, or either of them, ever did or said anything whereby they manifested an intention to bind themselves. On the contrary, each denied his liability. Besides, the only evidence which tends to prove a ratification is the testimony of Wright. The contract attempted to be established exceeds five hundred dollars. C. C. 2257.

The judgment against M. Baer and Joseph Straus is erroneous.

We have already noticed that no default was taken against Jacob Straus, and that no answer was filed by him. No issue having been joined as to him, the trial was premature.

The views we have expressed make it unnecessary to pass upon the bills of exceptions taken by the defendants.

It is therefore ordered, adjudged and decreed that the judgment of the District Court be avoided and reversed; that there be judgment in favor of Baer & Straus against the plaintiff, rejecting his demand, and that the writ of sequestration be dissolved.

It is further ordered that this case be remanded to the court *a qua,* to be proceeded in according to law against Jacob Straus; and that the plaintiff pay the costs of the sequestration and of this appeal.