No. 13,167.

STATE OF LOUISIANA VS. ANDY HARRIS.

SYLLABUS.

| | |
|---|---|
| 51 | 1105 |
| 51 | 1118 |
| 51 | 1105 |
| 111 | 966 |

1. A letter of a person claiming to act by authority of the prosecuting witnesses in a criminal case which contains a proposition purporting to be made by them to the defendant to testify in his behalf and differently from the manner in which they had testified on the preliminary examination is inadmissible for the purpose of impeaching the testimony of the witnesses. It is hearsay testimony. It was particularly inadmissible when the writer of the letter was in court at the time, having been subpoened there as a witness.

2. The statements of a person that he was on any particular occasion the agent of another is not evidence of that fact.

3. When defendant in a criminal case predicated error on appeal on the ground that the trial judge had illegally controlled him in the order of his proof by rejecting evidence which he tendered until he had first established certain other facts which would be essential to be shown to make the same admissible, he should make it affirmatively appear that he was prepared to show and had subsequently offered to show such essential facts. He can show the facts on trial of motion for a new trial.

4. In order to determine whether the judge erred in refusing to charge the jury as to the law of the case the bill of exceptions to his ruling must show that the circumstances or facts before the court justified a request for the charge. In the absence of such a statement the Appellate Court has no authority to say that the charge was improperly declined. (State vs. Hamilton, 41st Ann., 317.)

ON APPEAL from the Fourth Judicial District Court for the Parish of Grant. *Machen, J.*

70

*M. J. Cunningham,* Atorney General, and *A. B. Hundley,* District Atorney, for Plaintiff and Appellee.

*J. A. Williams,* for Defendant and Appellant.

Submitted on briefs May 6th, 1899.
Opinion handed down May 15th, 1899.

The opinion of the court was delivered by

NICHOLS, C. J.   The defendant, Andy Harris, was indicted jointly with his wife, Anna Harris, for the murder of Jesse Brown.

Before the trial a severance was granted on the application of the wife.

The defendant was tried and convicted of murder without capital punishment, and sentenced to the penitentiary for life.

Appellant's counsel informs us in his brief that the severance was granted on the ground that the defenses of the husband and wife were contradictory and conflicting.

He says that the wife had set up in her defense that in firing the shot which killed Brown, she was under the influence of the husband. That the husband, on his part, denied criminal liability, asserting his innocence upon the ground that he was simply present when the shot was fired.

He says that the fact that the wife had fired the shot was disclosed by the Bill of Exceptions.

During the trial a letter written by one "Jim Brown" to the *defendant* was offered in evidence by the latter, but was excluded on objection made by the District Attorney.

To this ruling a Bill of Exception was reserved and error in the ruling is set up as one of the grounds for reversal.

The bill recites that "the letter was offered after the defendant had shown that 'Jim Brown' was a relative of all the prosecuting witnesses; that he had been to the jail where defendant was confined and represented to the defendant that he was the agent of the prosecuting witnesses and had seen them all and that they had agreed for a consideration in money to change their evidence on the final trial, and would swear the truth, which would be different from what it was on the preliminary examination, and proving that Brown had sub-

mitted to defendant the written proposition to that effect, that the handwriting and signature thereto had been proven and the letter had been traced from Brown's hand through the jailer to the defendant."

The court assigned as its grounds for refusing to allow the letter to be introduced in evidence that it was offered for the purpose of attacking the credibility of the witnesses mentioned in the letter and to contradict and impeach their evidence; that it had not been shown that any agency or authority from the witnesses had been given to Brown or any one else to make any such propositions and for the greater reason that Brown, purported author of the letter, had been subpoenaed in the case by defendant and was in court at the time when the letter was offered, and during all the trial was present in the court room and could have been placed on the stand as a witness, and if admissible at all the State could have had the benefit of cross-examination; that it considered the letter wholly inadmissible under the circumstnces.

The action of the court was correct and based on well grounded reasons.   (Bue vs. Splane, 9th Rob. 6.)

Even had Brown been absent the letter would have been totally inadmissible hearsay evidence.   Hennen's Digest, p. 502, No. 9; Morgan vs. Yarbrough, 13th La. 76; Moussier vs. Zuntz, 14th Ann., 15.

Defendant claims that the letter was but the commencement of proof; that he would have followed the matter up subsequently by proof of Brown's agency; that the court had no right to control him in the order of his proof.

The offer of the letter in this case was not accompanied by any declaration by counsel that he would undertake to thereafter show the agency of Brown in the premises; nor did he in fact at any time subsequent attempt to show it; Brown's own statement in the letter that he was an agent of the parties, was of course totally unauthorized as establishing such fact.

It is true that there are many decisions to be found in the reports that a party is not to be controlled by the court in the order in which he introduces his evidence; but when the the court has in fact done so, and he predicates reversible error by reason thereof, he should show affirmatively even in civil matters that he was prepared and had of-

fered to prove, that which would have made the evidence admissible *ab initio*.

The importance of imposing upon him, at the very least, this obligation is obvious in jury trials, particularly in jury trials in criminal cases where the Appellate Court is restricted to the consideration of matters of law.

Matters favorable to the accused once brought to the knowledge of a jury are bound to have more or less effect upon it, however irregularly it may have been brought, and this effect is not done away with by finally striking the evidence out.

A practice of this kind if permitted, would lead inevitably to finessing to get improper evidence before the jury.

We have no idea that any such intention was in the mind of counsel in this case.

We simply assign reasons in support of refusing to recognize the absolute right which he asserts, of parties to select the order of their proof.

Appellant presses upon us as a ground for setting aside the verdict and sentence, the refusal of the court at the request of his counsel, to submit the following special charges to the jury:

"1st. The presumption that the wife acts in her husband's presence under his coercion is only *prima facie* and is liable to a rebuttal by evidence.

2nd. A married woman under coverture of her husband, has not lost by her marriage her general capacity for crime.

3rd. Coverture does not protect a married woman from the act of murder unless it appears that she was under her husband's influence and acted under the same."

The court refused to give the charges "for the reasons that Andy Harris, the accused, and his wife, Anna Harris, were jointly indicted as principals in the crime of murder and Andy Harris, the defendant, the husband of the wife, was being tried saparately, there having been a severance by the court."

The wife not being on trial the court considered the charge inapplicable to the case and that it could at most, confuse the jury."

The charges requested were not prefaced by a statement of any particular facts as furnishing a predicate for the same.

The only fact in the case which has come to our knowledge, is the single one recited in defendant's Bill of Exception, that "on the trial

it had been shown that the fatal shot was fired by the wife of the defendant, in the presence of the accused, her husband."

In the *syllabus* of the defendant the following propositions are advanced:

1st.  It is the duty of the court to instruct the jury upon every phase of the case made by the evidence.  (State vs. Tucker, 38 Anl., 536.  State vs. Levigne, 17 Nevada, 435).

2nd.  The Bill of Exception disclosing the nature of the defense as admitted by the judge in his reasons, it was error for him to refuse to charge what defendant holds is the law governing the case. (State vs. Hill, 28 Anl., 311).

3rd.  An accused in a criminal case is entitled to have the jury understand and have their attention directed to the legal rule established for his protection and governing the case on trial, and when the judge is requested to state such rule in his charge to the jury and declines, the judgment of conviction following should be reversed.

A judge's refusal to give a charge for the reason that it is inapplicable will not be sustained unless he states that it refers to facts of which there was no evidence whatever.   (37 Anl. 82, State vs. Melton; 38 Anl., p. 536, State vs. Tucker).

## OPINION.

Appellant asks us to assume under the situation of things disclosed by the record, that the special charges which he unsuccessfully sought to have made were correct principles of law, legally supporting a theory of defense which he had advanced and on which he relied, and that he had sustained this theory by evidence adduced on the trial, sufficient to entitle him to have had his theory submitted to the jury for decision under the requested charges.

He maintains that the declaration made by the judge that the charges asked for were "inapplicable" was not a specific denial of the existence of such a theory and of there having been evidence in support of it, and contends that "it amounted to nothing more than a statement as to his appreciation of the credibility or sufficiency of such evidence."

Parties seeking to set aside the verdict of a jury and the rulings of the trial court are called upon to overcome the presumption of correctness, which on appeal attaches to them.

The District Judge refused to give the charges asked for by the defendant; he states that they were "*inapplicable to the case.*" We must give to those expressions (unless the record itself would show otherwise), a meaning which would go to justify the court's action.

We do not know, except through defendant's brief, what his theory of defense was, and even there it is very vaguely referred to.

We do not know, either, what the evidence on the trial actually was, or what it was claimed by defendant to have been.

We would not be authorized to build up a defense such as is indicated from the simple and single fact that the shot by which the deceased was killed was fired by the defendant's wife, in his presence.

*Non constat* that the verdict of the jury was made to rest upon a presumption of guilt resulting simply from his presence at the time the shot was fired. Such a conclusion would violate all probabilities.

We are bound to assume that there must have been other evidence adduced, connecting him with the crime.

His counsel does not pretend to say that there was not such, nor that his client's conviction rested on any such presumption.

He makes no recital in his bill, of any of the evidence adduced on the trial, nor did he seek (as he should have done), to have the charges submitted under a statement of facts made to serve as a predicate for the same. (*State vs. Canciennne, 50 Ant., 847*).

In State vs. Melton, 37 Anl., 82, the court, discussing the duty of a judge in charging a jury, said: "That hypothetical charges based upon the jury's belief of certain facts are not to be entirely excluded, but when such hypotheses embrace facts not supported by evidence and foreign to the case, the propositions of law become purely abstract questions and under well settled jurisprudence the judge is not bound to charge them."

Unless the propositions of law submitted by appellant were made to be properly connected by evidence with the case then before the court, so as to make them relevant and pertinent to defendant's defense, refusal to submit them gave rise to no legal cause of complaint, however correct the propositions in themselves might have been.

Had the defendant prefaced the charges asked by an assumed statement or recital of facts in the usual form to serve as a predicate, *stating that if the jury found* such facts to have been established by the evidence adduced, it would be their duty to acquit or to reduce

the charge, and had there been in fact any evidence taken on the trial tending to support the legal propositions and make them applicable to the case, and the propositions were legally correct, it would have been the duty of the judge to have instructed the jury as requested, however little value he may have attached to the evidence as to the credibility or otherwise.

The syllabus of this court in *State vs. Tucker, 38 Anl., 536,* is as follows:

"When a bill of exceptions recites the facts which the counsel had contended before the jury had been established by the evidence and refers to the evidence in support thereof and asks for charges applicable to the state of facts recited, the judge's refusal to give the charges on the ground that they were inapplicable to the case, is error unless the judge states that there was no evidence in the case supporting or tending to support the contentions of counsel."

"It is the duty of the judge to give full instructions to the jury covering the entire law of the case as respects all the facts proved or claimed by counsel to be proved, provided such claim is supported by any evidence."

The judgment was reversed and the case remanded. (See on the same subject, State vs. Wright, 40 Anl., 593).

On the return of the cause to the Supreme Court it re-affirmed its former opinion, holding further "that where the charges asked *are applicable to the facts and contentions of counsel as recited in the bill of exceptions* the judge is not authorized to refuse the charges because while not denying the material facts stated he disputes the correctness of the contentions of counsel based thereon. Counsel has the right to urge his own theory as to the inferences of motive and intention to be drawn from the facts and to impress the same upon the jury, and though the judge may take a different view, the question is to be determined by a jury, and defendant has the clear right to have them instructed as to the law applicable to such cases."

When the judge refuses to do what, under a *prima facie* showing made by defendant, he had the legal right to ask him to do, the latter reserves a bill and tenders it for the judge's signature, the judge should be careful to state that there was no evidence adduced on the trial in support of such instructions.

He should not leave it uncertain as to whether his refusal to charge

was not based upon conclusions by him as to the weight and credibility of evidence which had actually been admitted; matters which it is the exclusive province of the jury to deal with.·

It would have been better in this case for the judge to have made his statement more specific than he did, but he obviously did not do this for the reason that neither the special charges asked nor the bills of exception contained a recital of the facts claimed to have been shown by the evidence on the trial.

Defendant has overlooked that portion of the opinions in State vs. Tucker, 38 Ann., 539 and 791, which referred ·to the recitals, facts and contentions of counsel as those which were to be made by him concerning the evidence which had been introduced in the case.

That particular branch of the subject is commented on in State vs. Cancienne, 50 Ann., 847, and particularly in State vs. Dunn, 41 Ann., 1074 and 1075, and incidentally in State vs. West, 45 Ann., 21.

*In State vs. Hamilton, 41 Ann., 317,* we said: "In order to determine whether the judge erred in refusing to charge the jury as to.the law of the case the bill to his ruling must show that the circumstances or facts before the court justified a request for the charge. In the absence of such a statement the Appellate Court has no authority to say that the charge was improperly declined."

We are powerless to act in the present case for just this precise reason.

Finding no sufficient grounds for setting aside the verdict of the jury and the judgement of the court thereon rendered, the judgement appealed from is hereby affirmed.