On Rehearing.
(Feb. 29, 1904.)
MONROE, J.
Having been indicted for “assault by willfully and feloniously shooting at” one Flemming, thé defendant might have been found “guilty as charged,” “guilty of an assault with a dangerous weapon,” “guilty of assault,” or “not guilty,” as the evidence submitted to the jury may have justified. In point of fact, he was found “guilty as charged in the indictment”; i. e., guilty of committing an assault upon William Flemming by willfully and feloniously shooting at him. If the jury had entertained a reasonable doubt as to whether he had shot at Flemming, but were convinced that he had assaulted him by merely drawing or presenting a gun or pistol, they might have found him guilty of the minor offense of “assault with a dangerous weapon”; but they could hardly have found as they did unless a gun or pistol had been used. The verdict, as found, seems, therefore, to be conclusive as to the use of a dangerous weapon; and, in view of the charges given and refused by the judge, and of the absence of anything to the contrary, we must assume that there was no evidence upon which a verdict of guilty of assault, otherwise than by “shooting at,” or “with a dangerous weapon,” could have been found. By referring to the bill, as recited in the original opinion, it will be seen that it is not even alleged that the charge as requested would have been applicable to the evidence submitted to the jury. In fact, no specific ground of complaint is set forth; the bill merely stating that the counsel for the defendant requested the special charge, and excepted to the action of the court in refusing it. It is, however, well settled (1) that an instruction should not be given to a jury upon a theory to which the evidence affords no support; and (2) that, in order to bring up for review the ruling of a trial judge in refusing a special charge, the bill of exception should show the facts or testimony to which the charge is supposed to be applicable, since it is only when informed in regard thereto that the appellate court is in a position to determine as to the correctness vel non of the ruling. State v. Hamilton, 41 La. Ann. 317, 6 South. 540; State v. Beck, 41 La. Ann. 584, 6 South. 431; State v. Harris, 51 La. Ann. 1105, 26 South. 64; State v. Johnson, 107 La. 546, 32 South. 74; Ency. Pl. & Pr. vol. 11, p. 211.
It is therefore ordered, adjudged, and decreed that the judgment appealed from be now affirmed.