No. 8826.
Orleans Appeal.

ALVIN S. SPIES, Appellant, v. JOSEPH CARUSO.

(February 2, 1925, Opinion and Decree.)

*(Syllabus by the Court.)*
1. Louisiana Digest, Evidence—Par. 53, 59; Mandate—Par. 8.
The burden of proof of agency is upon him who alleges it.

Appeal from Civil District Court, Hon. Porter Parker, Judge.

This is a damage suit against an alleged purchaser of merchandise for refusing to receive same. Judgment for defendant. Plaintiff appealed.

Judgment affirmed.

Henry L. Sarpy, John D. Nix, Jr., W. W. Wright, attorneys for plaintiff and appellant.

John Wagner, attorney for defendant and appellee.

CLAIBORNE, J. This is a damage suit against an alleged purchaser of merchandise for failing to receive same.

Plaintiff alleged that he made the following contract with the defendant:

'6/25/20.
J. Caruso.
Dear Sir:

This is to certify that we have today booked you for twenty-five tubs of butter at 66½¢ to be taken out as needed until December 31, 1920.

This to be binding must be signed by both parties.

    (Signed)    Joseph Caruso.
         A. S. Spies. E."

That the defendant took out only two of said tubs, and refused to take any more; that after demand upon defendant and refusal by him, plaintiff, on January 18, 1921, sold said butter at fifty-one cents, at a loss of $228.16, which he claims from defendant.

The defendant admitted that he signed the document sued upon, but denies that the same was ever signed by the plaintiff, or that it was ever considered by him as a contract; that defendant was never notified that plaintiff had signed the contract, nor was any copy of same served upon him; that since the date of said alleged contract he has purchased much butter from the plaintiff but never under the terms of said document, nor was any mention made of any contract.

There was judgment in favor of defendant and plaintiff has appealed.

The allegations of defendant's answer are fully proven. The signature "A. S. Spies, E." was written by a brother and employee of the plaintiff. There is no evidence of the date when said signature was affixed nor of the authority of E. A. Spies to sign for his brother.

The burden was upon him to prove his authority. 6276 Ct. App., Bienvenu vs. Citizens Bank, 6 La. Ann. 524; McCarty vs. Straus, 21 La. Ann. 592; F. G. Barriere & Co. vs. Widow Mathilde Fortier, 23 La. Ann. 274; 2 Greenl. S. 158, 2 C. J. 915-835. In re Lafourche Transp. Co., 52 La. Ann. 1521, 27 South. 958; 2 Greenl. S. 158, 2 C. J. 915-835.

A further evidence of the absence of contract is that subsequent to June 25, 1920, defendant made thirteen purchases of butter from the plaintiff at various times from July 2 to October 26, at prices ranging from sixty to sixty-three cents, for which bills were sent by plaintiff to defendant without mention of contract, and which, presumably, have been paid, as no claim is made for them in this suit.

The plaintiff did not testify; and the E. A. Spies who testified was not the drummer who procured defendant's signature.

Judgment affirmed.