(121 So. 188)

No. 29213.

LOUISIANA STATE RICE MILLING CO., Inc., v. KAPLAN.

Feb. 25, 1929.    Rehearing Denied March 25, 1929.

Chappuis & Chappuis, of Crowley, A. D. Danziger, of New Orleans, Overton & Hunter, of Alexandria, and Dufour, Rosen & Kammer, of New Orleans (P. H. Stern, of New Orleans, of counsel), for appellant.

Dart & Dart and Borah, Himel & Bloch, all of New Orleans, and Modisette & Adams, of Jennings, for appellee.

ROGERS, J. The defendant appeals from a judgment condemning him to specific performance of a contract, the pertinent provisions of which are as follows, viz.:

"I offer and agree to purchase the property Mill A of the Louisiana State Rice Milling Co., 2924 Chartres St., corner Montegut St., square Press and N. Peters Sts., the grounds measuring about 124x268, together with lot on Montegut bounded by Chartres, N. Peters and Clouet Sts. measuring 26x83, or, as per title, for the sum of One Hundred Twelve Thousand Five Hundred and 00/100 Dollars ($112,-500.00), on terms of $25,000.00 cash, balance in 1, 2, 3, 4, and 5 years credit. * * *

"In the event title is not valid and cannot in reasonable time and at reasonable expense be made valid, this contract shall be null and void."

On the reverse of the agreement is a stipulation excluding from the sale certain machinery and other movables stored in the plant. The property described in the agreement is situated in the city of New Orleans.

It is not disputed that certain portions of the plant (concrete loading platform, sheds, buttresses, conveyors, box conveyor, scale house, and conveyor house) are located beyond the boundaries of the lots owned by the prospective vendor on property then under lease from the new Orleans & Northeastern Railroad Company, which lease has long since expired.

Plaintiff maintains that defendant's agreement is to purchase only the lots of ground with such improvements as are actually located thereon, and not the mill itself, and, therefore, it is immaterial that certain portions of the plant are located without the limits of the lots in question. Plaintiff also contends that defendant is estopped to contest this fact, since he was familiar with the property and knew that the entire plant was not located on land owned by plaintiff. The plea of estoppel was filed eight days after the case was closed. Plaintiff's propositions are untenable.

Under the contract, as we read it, what the defendant agreed to purchase and the plaintiff agreed to sell and deliver was a certain rice mill with all its appurtenances, except such appurtenances as are expressly excluded, and the land on which it is located. The record discloses that plaintiff is unable to deliver the property it has undertaken to deliver, because a portion of the land on which the mill is located is not owned by plaintiff. Thus, the case falls within the ruling of this court in Jacobs v. Freyhan, 156 La. 585, 100 So. 726, viz.: That a prospective purchaser cannot be forced to comply with his contract, where a portion of the property to be sold encroaches on adjoining property, there being error of fact rendering it ineffective as to him.

The property described in the agreement of sale was originally owned by the Rice Belt Milling Company. That company, on May 28, 1912, sold it, together with other property, to the Louisiana State Rice Milling Company. Defendant was a director in the latter company. On June 19, 1916, the Louisiana State Rice Milling Company sold a number of properties, including the one in question, to the Louisiana State Rice Milling Company, Inc., plaintiff herein. Defendant was present at the meeting of the board of directors of the former company, at which the resolution authorizing the sale was adopted. The resolution also authorized the transfer to the purchaser of the lease from the New Orleans & Northeastern Railroad Company.

These facts are relied on by plaintiff in support of its plea of estoppel.

Defendant was a director of the Louisiana State Rice Milling Company, but he declined to serve, and never has served, as a director of the plaintiff company. Defendant never resided in the city of New Orleans. The company of which he was a director owned and operated a number of rice mills and warehouses in various cities and towns in the southern portion of the state. Three of the mills and one of the parcels of ground were situated in the city of New Orleans. It is true, defendant had seen the mill described in the agreement of sale in operation, but it is not shown that he had anything to do with operating it. He was familiar with the property in a general way, but was unacquainted with the details and conditions, and had no actual knowledge that the mill was not wholly on land owned by his prospective vendor. He testified expressly that, had he possessed such knowledge, he would not have signed the agreement to purchase the property. The mere fact that defendant was present at the meeting of the board of directors of the Louisiana State Rice Milling Company, at which the resolution to sell its property to the plaintiff company was adopted, is not, of itself, sufficient to charge him with knowledge that a portion of the mill was on leased premises. This meeting was held some 10 years prior to the date on which the agreement of sale sought to be enforced herein was signed. The minutes of the meeting comprise 22 pages of single space typewritten matter, and contain the detailed description of 22 rice mills and 3 warehouses, including the lands on which they are located, two separate parcels of ground,

the lease from the New Orleans & Northeastern Railroad Company, and a general description of certain movable property. The reference to the lease follows the description of the "St. Louis Mill," situated in the city of New Orleans, and not the description of the "Mill A," which is the mill plaintiff agreed to sell and defendant agreed to purchase. The minutes show that 19 directors were present at the meeting in person and by proxy, and that 3 of them voted against the resolution. Two of the negative votes were cast by defendant, individually and as the proxy for another director. This indicates that defendant was concerned solely with the major question presented to the meeting of selling the entire property of the company, which he opposed, and not with the incidental question of the descriptions or conditions of such property, and is corroborative of his testimony that he paid no attention to what was to be taken over, having no special interest in that. If, at that time, defendant had no knowledge of the description of the real estate, personal property, and leases set forth in the resolution, it certainly cannot be effectively contended that he had such knowledge 10 years later when he entered into an agreement to purchase one of the pieces of that real estate. Since the defendant was ignorant of the facts upon which plaintiff's plea of estoppel is based, the plea is inapplicable.

For the reasons assigned, the judgment appealed from is annulled, and plaintiff's suit is dismissed at its cost.

OVERTON, J., recused.
THOMPSON, J., takes no part.