ST. PAUL, J.
 

 Plaintiffs are attorneys at law and herein sue for their fee in defending the case of La. State Rice Milling Co. v. Kaplan, 168 La. 50, 121 So. 188.
 

 I.
 

 That suit was one against this defendant alone to compel him to accept title to, and pay the price for, certain property; and was decided favorable to this defendant.
 

 
 *766
 
 The defendant excepted for “non-joinder” of a necessary party defendant, to wit, one Leo Reiman, whom defendant claims to have been associated with him in the agreement to purchase said property and to have been interested therein to the extent of one-half.
 

 In Gill et al. v. City of Lake Charles, 119 La. 17, 43 So. 897, it was held that, since our statutory law provided no rules for determining when parties may or may not be joined, either as plaintiffs or defendants, we must have recourse in such matters to rules of the common law.
 

 The rule of the common law is that, where the nonjoinder of parties defendant does not appear in the face of the pleading, a demurrer will not lie for that ground. 47 Corp. Jur. 204 ; 21 R. C. L. 524.
 

 Again, it is the general rule that the nonjoinder of necessary parties in an action can be taken advantage of only by plea in abatement or answer, unless it appears on the face- of the complaint. 21 R. C. L. 544 ; 1 R. C. L. 53, 54.
 

 Hence, where the nonjoinder of necessary parties, either plaintiff or defendant, does not appear on the face of the pleadings, evidence must be adduced, either on the exception or at the trial, that there are such necessary parties who have not been joined.
 

 In the ease before us plaintiffs sue this defendant as their sole employer, and hence on the face of the pleadings it does not appear that there is any want of a necessary party defendant. And, so far as this record shows, it does not appear that any evidence was offered by the defendant, when his exception was tried, in support of his plea that said Reiman was a necessary party defendant. So that the exception was properly overruled at the time.
 

 Nor does the evidence taken at the trial of the merits support such plea. Plaintiffs’ testimony is clear and uncontradieted that they were employed by Kaplan alone, and knew nothing of Reiman’s interest in the case at the time, nor until some time afterwards; nor did they know the extent of Reiman’s interest until after the ease was finally decided. Nor does the fact that the agreement to purchase was signed by Kaplan “for himself and others” alter the situation in any way. If he was acting for an undisclosed principal, he was personally liable; nor does the simple notation on the lower corner of the instrument “Kaplan-Relman” tend to disclose that Reiman was the “others” for whom Kaplan was acting, especially as on the reverse of the instrument he signs an additional clause simply “A. Kaplan” without the least intimation that he is acting for any one but himself, and still later signs a modification of the agreement which he calls “my contract.”
 

 Hence we conclude that plaintiffs were employed by defendant alone, and had no contractual relations whatever with Reiman. If the latter had any interest in the case, that was a matter between him and Kaplan, and not between him and these plaintiffs.
 

 II.
 

 This suit for $3,750, subject to a credit of $500 paid on account. . The amount involved was approximately $150,000. There was a trial below and an appeal to this court. The pleadings and documentary evidence were voluminous. Considerable skid and study were involved in the handling and presentation of the case. There were many conferences between plaintiff and his client, and with other counsel. There was a long correspondence covering a period of three years. Three reputable attorneys, beside plaintiffs,
 
 *768
 
 think the amount claimed is a reasonable fee for the services rendered; the trial judge thought likewise. Defendant himself practically conceded that the fee was reasonable, and there is no evidence whatever to contradict the estimate thus placed upon the services.
 

 Considering that there were two counsel employed in the .case (Mr. Danziger and these plaintiffs), we think that a fee of approximately
 
 2y2
 
 per cent, of the amount involved is a reasonable fee for plaintiff’s share of the work.
 

 It is shown that when the case was terminated the senior partner of plaintiffs firm stated to Mr. Danziger that he was thinking of sending Mr. Kaplan a bill for $750 (in addition to the $500 already received). But this is explained by him as having been a thoughtless statement, made on the spur of the moment, and without the least intention that it should be communicated to defendant; that he had in mind at the time to charge defendant only a very small fee in the hope that he might get other business from defendant; but that he at once realized that this was a mistake and that such a fee ($1,250 in all) was in no way commensurate with the services rendered. Under the circumstances we do not think that plaintiffs should be bound by the figures thus spoken of, and, as the amount claimed seems to be reasonable, we think the judgment appealed from is correct.
 

 Decree.
 

 The judgment appealed from is therefore affirmed.
 

 O’NIELL, C. J., is of the opinion that the fee is excessive, because the suit which plaintiff assisted in defending was merely a suit to enforce an agreement to buy a rice mill for $112,500.