(129 So. 673)

**DANZIGER v. KAPLAN.**

No. 30667.

July 2, 1930.

Rehearing Denied July 19, 1930.

W. J. Carmouche, of Crowley, and Pujo, Bell & Hardin, of Lake Charles, for appellant.

Alfred D. Danziger, of New Orleans, in pro. per. (P. H. Stern, of New Orleans, of counsel), for appellee.

ROGERS, J.

This is a companion suit to the one instituted by Chappuis & Chappuis against the same defendant, and recently decided by this court. See 129 So. 156.[1] Plaintiff, an attorney at law, in association with Chappuis & Chappuis, successfully represented defendant in the case of Louisiana State Rice Milling Co. v. Kaplan, 168 La. 50, 121 So. 188. The suit is for the recovery of the balance due on plaintiff's fee for services rendered in that litigation and for the reimbursement of certain expenses paid by plaintiff in connection therewith. The plaintiff charged a fee of $3,-750 and expended $50 for a copy of the testimony and for printing a brief. He sues for this amount, less $500 previously paid on account of his fee, or for $3,300. The defendant filed an exception of nonjoinder based on the contention that one Leo Fellman, to plaintiff's knowledge, was associated with defendant in the transaction and was responsible for one-half of plaintiff's claim. The exception was overruled, and defendant then filed an answer in which he set up substantially the same defense as he had urged under his exception. The judgment of the court below was in favor of plaintiff as prayed for, and defendant has appealed.

■■ There was no error committed by the court below in overruling the exception of nonjoinder, since the alleged nonjoinder does not appear on the face of the pleadings. See Chappuis & Chappuis v. Kaplan, referred to supra. Nor do we think that the court below erred in rendering a judgment in plaintiff's favor on the merits of the case. Defendant makes no issue over the amount of plaintiff's fee, which, in his testimony, he expressly admitted is fair and reasonable. The sole question in dispute between the parties is whether defendant is liable for the whole, or for only one-half, of plaintiff's fee. Plaintiff maintains the first of these contentions, and defendant maintains the second of these contentions, claiming that the other half of the fee is due plaintiff by Leo Fellman.

Plaintiff testified clearly and positively that

[1] 170 La. 763.

he was employed by defendant and by nobody else, and that he did not know that Fellman was supposed to have an interest in the matter until about the time the case was decided by the judge of the district court, or just shortly thereafter; that he knew nothing of defendant's contention that Fellman was to pay one-half of his fee until he presented his bill and requested payment of the balance due on his fee, when, for the first time, defendant informed him that he should collect one-half of the amount from Fellman, which he declined to do; that he advised defendant that he had been employed by him, and not by Fellman, and that he would look to defendant alone for the payment of his fee.

Defendant testified that he employed plaintiff at the suggestion of Fellman, which is admitted by plaintiff, and that Fellman accompanied him to plaintiff's office when the contract of employment was entered into. Defendant contends that the agreement to purchase was submitted to plaintiff, and that the matter was discussed between them. The agreement was signed by defendant "for himself and others," and defendant also testified that plaintiff asked him who were the "others" for whom he had signed, and that he informed plaintiff that Fellman was associated with him in the enterprise.

Plaintiff declared unequivocally that he did not ask defendant who the "others" were, and that defendant did not volunteer the information, nor, so far as he was concerned, was such information material.

We are inclined to the belief that defendant is mistaken in his recollection of what occurred in plaintiff's office at the time the contract of employment was entered into. The corroborative facts in the record seem to support plaintiff's, and not defendant's, version of the transaction. While defendant claims

he informed plaintiff that Fellman was interested with him in the enterprise, he testified on the trial of the case that there were other persons in addition to Fellman who were interested in the transaction, but that he had not mentioned their names to plaintiff nor to anyone else. Defendant's explanation of this is that he and Fellman were interested equally in the transaction, and that he was representing the other interested parties. But there is no more reason to suppose that defendant was to bear the expense of these parties than he was to bear the expense of Fellman, growing out of the employment of plaintiff. It was just as important from defendant's standpoint that plaintiff should have been informed concerning all the interested parties, if defendant was to be held for plaintiff's fee only in proportion to his actual interest in the enterprise. On the other hand, there was no reason why plaintiff should desire to know who, besides defendant, was interested in the matter. Defendant is a well-known and highly successful business man and perfectly able to respond to his financial obligations. It was sufficient for plaintiff's purpose that he was employed by defendant alone. Moreover, Fellman is a prominent real estate agent of the city of New Orleans, who, no matter what secret agreement may have existed between him and defendant, was openly representing defendant in the transaction with the Louisiana State Rice Milling Company. This is a further reason why plaintiff should not have supposed, nor have been told, that Fellman was really one of the interested parties in the purchase of the property of the rice milling company.

Another important circumstance to be considered in connection with the present controversy is that the suit of the Louisiana State Rice Milling Company was brought against Kaplan alone; that Kaplan was the sole de-

fendant of record in the case; that he signed and swore to the answer filed in his name as such defendant; that in his answer he specifically admitted plaintiff's allegations that plaintiff was represented in all matters leading up to the agreement of sale by Latter & Blum, realtors of the city of New Orleans, and that Kaplan (the·present defendant) was represented by Leo Fellman.

A circumstance further corroborative of plaintiff's position that he was employed solely by the defendant is that on November 18, 1927, defendant sent plaintiff his personal check for $500 on account of his fee, making no mention at the time of any employment of plaintiff by Fellman, nor making any objection to paying plaintiff's fee for any reason whatever.

◼ Leo Fellman was not called as a witness in the case. Defendant argues that plaintiff should. have placed Fellman on the stand as his witness, and that not having done so, the indication is that Fellman, if called as a witness, would have testified against the interest of .plaintiff. On the other hand, plaintiff argues that if defendant desired Fellman's testimony, it was incumbent upon defendant to place Fellman on the witness stand in his own behalf. We think plaintiff's position is correct. The contention of defendant that his liability towards defendant was a divided liability to be shared by Fellman was a special defense under which the burden of proof was on the defendant. Hence, if defendant felt that Fellman's testimony would have benefited him, there was nothing to prevent him from using Fellman as a witness, and he cannot be heard to complain that plaintiff did not choose to do so.

For the reasons assigned, the judgment appealed from is affirmed at appellant's cost.

(129 So. 675)