## GETTY v. CHALMETTE PETROLEUM CORPORATION.
### No. 14126.

Court of Appeal of Louisiana. Orleans.
Jan. 30, 1933.

---

*Rehearing denied February 13, 1933.

Hopkins & Talbot, of New Orleans, for appellant.

Monroe & Lemann and Nicholas Callan, all of New Orleans, for appellee.

WESTERFIELD, J.

This is an appeal from a judgment denying plaintiff recovery in a suit on an open account in the sum of $674.13. It appears that the defendant, Chalmette Petroleum Corporation, entered into an agreement with J. E. Carradine, whereby it loaned Carradine $5,000, secured by a chattel mortgage on an oil drilling outfit, upon condition that such oil as might be produced by Carradine's operations in Jefferson Davis parish would be sold to defendant upon the terms and conditions mentioned in the agreement. This contract was recorded in the conveyance office of Jefferson Davis parish, and Carradine commenced operations. He purchased from the plaintiff, Fred I. Getty, certain oil drilling equipment amounting to $1,749.43, and paid all but $674.13, the sum for which this suit is brought. Plaintiff originally contended that Carradine purchased the merchandise for account of the defendant and with its authorization, but in this court, in argument and in brief, counsel abandons this contention and now exclusively relies upon the point alternatively pleaded in the petition to the effect that "defendant acquiesced in said purchase" and "ratified and approved the said actions of the said Carradine" and "at no time repudiated the said transactions" and "your petitioner specially pleads that defendant is estopped to deny that the said Carradine was duly authorized to represent defendant as aforesaid."

The basis of counsel's contention concerning ratification of Carradine's purchases is the alleged statement of one Lobdell, a salaried employee of the defendant company located in Franklin, La., to the effect that he would see that the account was paid by the defendant corporation. This statement is denied by Lobdell, and he is not shown to have had any authority to bind the defendant if he had, in fact, attempted to do so. Lobdell was commissioned by his employer to supervise the expenditure of the $5,000 loaned Carradine and to see that it was employed in the oil development, out of which defendant was to obtain payment of the loan in oil; the agreement being that the money borrowed by Carradine was to be used for that purpose. It was not paid to Carradine in a lump sum, but gradually disbursed upon the approval of Carradine under the supervision of Lobdell. Much is made of a payment of $200 by defendant on account of Carradine's indebtedness. This payment was effected through a draft drawn by plaintiff upon the New Orleans office of defendant upon the authority of Lobdell. The transaction is explained by Lobdell as a disbursement for account of Carradine, who had a small amount of the $5,000 still to his credit at the time; payment being charged to the Carradine account with defendant.

We fail to see how this transaction can operate an estoppel against defendant, and are of opinion that it was merely a disbursement for account of Carradine under defendant's contract with that individual. Carradine's contract with the defendant was of record, and there was no occasion for plaintiff to rely upon the representations of Carradine concerning his authority to act for defendant in the matter. These representations cannot be offered as proof of agency, as plaintiff's counsel well realizes (State of Louisiana v. Harris, 51 La. Ann. 1105, 26 So. 64), and we find nothing in the record to sustain the plea of estoppel.

Our conclusion is that the judgment appealed from is correct, and it is therefore affirmed.

Affirmed.