121 So.2d 851 (1960)
Paul S. DE ROUEN
v.
Lawrence AIAVOLASITI.
No. 21253.
Court of Appeal of Louisiana, Orleans.
June 20, 1960.
Rehearing Denied June 30, 1960.
*852 Reuter & Reuter, Arthur C. Reuter, New Orleans, for defendant-appellant.
Bernard J. Fonseca, New Orleans, for plaintiff-appellee.
Before McBRIDE, REGAN and RIVET, JJ.
CHARLES J. RIVET, Judge ad hoc.
The defendant appeals from a judgment condemning him to pay plaintiff $229.52, interest and costs.
Plaintiff alleged that he entered into a contract with defendant to perform certain electrical work on the premises known as Lawrence's Bakery; that he was to furnish all necessary labor and necessary materials over and above those furnished by defendant; that he finished all work under the contract in accordance therewith, but that defendant has refused to pay him. He attaches an itemized account which shows the following:

"Bill for Labor $200.00
Bill for Material furnished
 by me 20.00
Bill for inspection fee 29.52"

The defendant denied all of plaintiff's allegations.
There is no allegation of price in plaintiff's petition which is essential to a contract for work, but he was allowed to testify *853 without objection that he had told defendant that "it was impossible to give a price," that the only way he could work the job was by the hour at $3 per hour, and double time for over eight hours.
Without objection plaintiff was also allowed to testify that he worked better than 80 hours, had used about $30 worth of materials for which he charged only $20, and that he had paid $29.52 for inspection fees. He could not itemize the materials he furnished, and had no record of the exact number of hours he worked.
Evidence was also received, without objection, establishing the rate of pay for journeymen and master electricians, which exceeds $3 per hour under the Union scale.
Defendant was allowed to testify, without objection, that he was the agent of a corporation, but his testimony fails to establish that he disclosed such agency to plaintiff at any time during their relations. One who contracts is presumed to act for himself and is personally liable. If he would relieve himself of responsibility on the ground of agency he must allege and prove that at the time of making the contract he communicated the fact of his agency. New Orleans Brewing Co. v. Goldstein, 12 Orleans App. 323; Three Rivers Hardwood Lumber Co. v. Gibson, La.App., 181 So. 607; Schmidt & Zeigler v. LeBourgeois & Bush, 170 La. 625, 128 So. 656. He who acts for an undisclosed principal is personally liable. Chappius & Chappius v. Kaplan, 170 La. 763, 129 So. 156. Defendant's agency for another is a special defense, which should be specially pleaded. Pugh v. Eylers, 16 La. App. 576, 135 So. 75.
Agency cannot be proved by the declaration of the reputed agent. State v. Harris, 51 La.Ann. 1105, 26 So. 64. No officer of the corporation was produced to corroborate defendant's self-serving declaration as to his agency.
Plaintiff failed to allege or prove a contract for a specific price. The law is clear that one who sues under a contract cannot recover under quantum meruit, O'Brien v. Grand, La.App., 118 So.2d 517, but that rule is not applicable where pleadings are permitted to be enlarged without objection. On quantum meruit plaintiff's testimony is general as to the number of hours he worked; he could furnish no detail of the quantity and value of the material furnished by him. But, uncontradicted testimony establishes that plaintiff did the work required by him, that it passed inspection, and that the amount claimed for labor is reasonable. The lower court disallowed the claim for materials.
Under the circumstances disclosed by the record we can find no error in the judgment appealed from, and it is therefore affirmed at appellant's cost.
Affirmed.
JANVIER, J., absent, takes no part.