HAMLIN, Justice
(dissenting).
I am compelled to dissent from the majority opinion.
An inventory of the Succession of Mrs. Delia S. McCrocklin was filed by Jack S. McCrocklin, Administrator, in which the bonds herein under consideration were omitted.
Virginia McCrocklin Hewitt and Hasseltine McCrocklin West filed a petition, praying that the inventory be amended and reformed so as to include the bonds.
Jack S. McCrocklin filed an answer to said petition, alleging that, as agent for his *419 mother, the bonds were delivered by him to the First National Bank in Mansfield for the account of his niece, “Ginger” Johnson. He did not allege the basis of his agency or authority, nor did he attach a power-of-attorney to his answer.
Margaret Virginia “Ginger” Johnson also filed pleadings, in which she did not allege the basis of Mr. McCrocklin’s agency or authority, nor did she file or produce a power-of-attorney by Mrs. Delia S. Mc-Crocklin to Jack S. McCrocklin.
Therefore, the burden of proof was upon Jack S. McCrocklin and Margaret Virginia “Ginger” Johnson to show the authority for Jack S. McCrocklin’s agency.[1]
My appreciation of the record is that the only evidence of Mrs. Delia S. Mc-Crocklin’s intention or attempt to make the donation which was offered was the hearsay testimony of Jack S. McCrocklin. Jack S. McCrocklin testified that he had a written power-of-attorney “to take care of her affairs.” Willis Evans Calvert, a banker, testified that he believed that Jack S. McCrocklin had a power-of-attorney.
This written power-of-attorney was not produced and is not in the record. We do not know the extent of the authority of Jack S. McCrocklin. We do not know whether he was authorized to make a donation on behalf of his mother. We do not know whether the word “donate” appears in the so-called power-of-attorney.
Article 1468 of the LSA-Civil Code provides :
“A donation inter vivos (between living persons) is an act by which the donor divests himself, at present and irrevocably, of the thing given, in favor of the donee zvho accepts it.” (Emphasis mine.)
Article 2996 of the LSA-Civil Code provides :
“A mandate conceived in general terms, confers only a power of administration.
“If it be necessary to alienate or give a mortgage, or do any other act of ozvnership, the power must be express.” (Emphasis mine.)
Article 2997 of the LSA-Civil Code provides :
“Thus the power must be express and special for the following purposes: * * * and in general where things to be done are not merely acts of administration, or such as facilitate such acts.” (Emphasis mine.)
In view of the foregoing articles of the Revised Civil Code, it is - clear to me that Jack S. McCrocklin has not shown that he *421 had authority to make a donation on behalf of his mother, Mrs. Delia S. McCrocklin.
Being of the opinion that the evidence is insufficient to support the purported donation herein under consideration, I respectfully dissent.

. See, Pitre v. Peltier, La.App., 122 So.2d 867; Spies v. Caruso, 1 La.App. 544, and authorities cited therein.