HAMLIN, Justice
(dissenting).
In my dissent from the majority opinion on original hearing, I set forth the condition of the pleadings and stated that the burden was upon Jack S. McCrocklin and Margaret Virginia “Ginger” Johnson to show the authority for Jack S. McCrocklin’s agency. In Footnote 1, I cited Pitre v. Peltier, La.App., 122 So.2d 867, and Spies v. Caruso, 1 La.App. 544, and authorities cited therein.
I am still of the belief that the only evidence of Mrs. Delia S. McCrocklin’s intention or attempt to make the donation which was offered was the hearsay testimony of Jack S. McCrocklin, which is not corroborated. Nor do I consider the “substantial circumstances” enumerated in the majority opinion on rehearing as corroborating circumstances to which any weight and import whatever may be given to prove agency. They are, in substance:
(a) That the agent would benefit to an amount in excess of $1,000.00 if the alleged donation were ineffective.
(b) That Jack McCrocklin actively handled all hi's mother’s business from *429 1935 to the date of her death on May 5, 1959.
(c) That Jack McCrocklin, when he carried the bonds to the Mansfield Bank, told an official that his mother wanted to give the bonds to “Ginger.”
(d) That Tom McCrocklin, another son, did not join relators in attacking the gift.
The acts done by the agent after the decedent’s passing, in my opinion, do not tend to prove agency before her death.
My appreciation of the jurisprudence is that the testimony of an agent cannot and does not prove agency. In Dawson v. Landreaux et al., 29 La.Ann. 363, there was an allegation that an agent was authorized to represent the defendants in a suit. This Court held that the testimony of the agent was not sufficient to prove the agency and further held as follows:
“Were we to arbitrarily presume the existence of the pretended mandate, we would have to as arbitrarily presume its nature and extent, whether it delegates mere power of administration, or specified and more important powers.”
Also holding that the testimony of the agent cannot prove agency are the cases of State v. Harris, 51 La.Ann. 1105, 26 So. 64; Baer v. Terry, 105 La. 479, 29 So. 886; Getty v. Chalmette Petroleum Corporation, La.App., 145 So. 568; Frank Grocery Co. v. Mandel, La.App., 152 So. 775; and O. E. Haring, Inc. v. Boylan’s Private Police, Inc., La.App., 56 So.2d 588.
In DeRouen v. Aiavolasiti, 121 So.2d 851, the Court of Appeal for the Parish of Orleans concisely stated the rule as follows:
“Agency cannot be proved by declaration of the reputed agent.”
In Bush v. Decuir, et vir, 11 La.Ann. 503, this Court held as follows:
“There was no error in the refusal of the Judge to hear testimony to the effect that Samuel Bush, in the ordinary transactions of life acted as the plaintiff’s agent. That could not have given him power, or even furnished presumptive evidence of a power, to accept donations or to make contracts of the nature sought to be established by the defendant’’ (Emphasis supplied.)
I am fearful that the holding in the majority opinion on rehearing may open the door to a series of similar transactions which could seriously affect the rights of heirs in future succession proceedings.
With the foregoing additional comment, I respectfully reiterate my dissent to the majority opinion on original hearing.