HALL, Judge pro tern.
The Bailey Corporation, doing business as Bailey Electric Company, filed suit against Charles P. Wagner & Bro., Inc. for $255.44 alleging that this amount was due under a contract between plaintiff and defendant for the repair of certain electrical and other equipment. The defense was that no such contract was ever entered into, and in the alternative that the claim was prescribed.
The trial judge rendered judgment in favor of the plaintiff for $150.00. Plaintiff appealed asking that the judgment be increased to the amount prayed for. Defendant answered the appeal and prayed that the judgment be set aside.
Plaintiff is engaged in the electrical and refrigeration repair business. Defendant is a manufacturer of preserves at the premises 316 Tchoupitoulas Street in the city of New Orleans.
Briefly stated the testimony reveals that one of the defendant’s employees, a Miss Anderson, telephoned plaintiff and requested plaintiff to repair a pressure cooker belonging to defendant situated at defendant’s place of business. While plaintiff was taking care of the pressure cooker, other work on the premises consisting of repairs to the deep freeze and water cooler, changing a switch on the mixing machine, and installation of two new porcelain receptacles in the dressing rooms was ordered by a Mrs. Wells, another of defendant’s employees.
Defendant does not contend that the work was not done or that it was unsatisfactory in any respect.
Defendant’s president, Mr. Wagner, contends that neither Miss Anderson nor Mrs. Wells had any authority to order the repairs; that he alone possessed such authority and that he was absent from the city during the whole period. Mr. Wagner further contends that some of the equipment on which the repairs were made did *245 not belong to the defendant corporation but belonged to another corporation managed by a relative.
The trial court evidently believed that Miss Anderson and Mrs. Wells had proper authority or at least apparent authority to order the work. We find no manifest error in this conclusion.
Since all of the equipment upon which repairs were made was situated on defendant’s premises and was being used by it in its business we do not think that plaintiff was obliged to inquire into the ownership thereof.
Defendant further contends that the trial judge erred in rendering judgment in quantum meruit in view of the fact that plaintiff declared upon a contract with no alternative pleadings for recovery under quantum meruit. While it is clear that there was no contract between plaintiff and defendant for lack of agreement as to price all of the evidence was received without objection and this had the effect of enlarging the pleadings. See Bartolotta v. Gambino, La.App., 78 So.2d 208; DeRouen v. Aiavolasiti, La.App., 121 So.2d 851; Stanley v. Jones, 201 La. 549, 9 So.2d 678.
Plaintiff contends that the judgment appealed from should be increased to the amount prayed for. Plaintiff’s claim for $255.44 is made up as follows: $124.00 for labor and materials, a like amount for overhead and profit, and $7.44 for sales tax.
While the trial judge gave no written reasons for judgment it is clear from the record that she allowed only 15% (instead of 100%) for the item of overhead and profit, thus reducing the amount of the judgment to $150.00.
The only testimony adduced relative to this item was given by Mr. Fray, plaintiff’s vice-president and general manager. He testified that he bad no idea what the usual percentage for overhead and profit was since all of the bookkeeping was done in New York. He did testify however that 100'% for overhead and profit on jobs like this would net a profit of only 10% to his corporation at the end of the year.
However, the question is not what net profit his corporation would make but what is a reasonable charge for overhead and profit. This has not been shown.
It is evident from the judgment rendered that the trial court found that plaintiff had performed the work at defendant’s request and that the amount charged, except for the item of overhead and profit, was reasonable. We find no manifest error in these conclusions.
For the foregoing reasons the judgment is affirmed.
Affirmed.