157 So.2d 897 (1963)
A. H. WILSON, doing business as Southern Gunite Company,
v.
B. M. McNABB.
No. 5945.
Court of Appeal of Louisiana, First Circuit.
November 12, 1963.
*898 R. Paul Greene, Baton Rouge, for appellant.
Palmer & Palmer, by Robert E. Palmer, Amite, for appellee.
Before LOTTINGER, HERGET, LANDRY and REID, JJ.
HERGET, Judge.
Plaintiff, A. H. Wilson, doing business as Southern Gunite Company, instituted this action against B. M. McNabb seeking judgment against him of an alleged balance due for rentals of equipment allegedly leased by Plaintiff to Defendant.
Defendant answered, denying the obligation generally and especially pleading that any obligation owed to Plaintiff was the obligation of B. M. McNabb Contractor, Incorporated, and not him personally.
Following a trial of the issues thus presented, the Lower Court rendered judgment in favor of Plaintiff against B. M. McNabb Contractor, Inc., and further rendered judgment rejecting the demands of Plaintiff against defendant, B. M. McNabb, individually, at Plaintiff's costs. From the judgment rejecting Plaintiff's demands against defendant, B. M. McNabb, individually, Plaintiff prosecutes this appeal.
Mr. Wilson testified he entered into a verbal contract with Mr. McNabb for the leasing of the equipment and at no time was he apprised of the fact the contract was with a corporation. That from the inception of the contract and until its completion Plaintiff was doing business with B. M. McNabb individually. That the bills for the account due were sent to B. M. McNabb, Contractor, and corroborating his testimony such statements were offered in evidence.
Mr. McNabb testified he had formed the corporation of B. M. McNabb Contractor, Incorporated in May of 1958 and in making the contract with Plaintiff that he was acting for the corporation and not as an individual. He admitted he had never expressly informed Plaintiff of the existence *899 of the corporation and his actions were those of an agent of the corporation in dealing with Plaintiff but assumed Plaintiff was aware of this fact because on the trucks used to pick up the leased equipment there was stenciled the name of the corporation. However, he at no time testified this fact was known to Plaintiff, but that because of such designation appearing on the trucks Plaintiff should have been aware of the existence of the corporation and that the contract was a corporate liability. In addition, on the trial of the case, in connection with his testimony there was offered in evidence a check of B. M. McNabb Contractor, Incorporated, payable to the order of Plaintiff for $1,000 in part payment of the obligation resulting from the contract sued upon, admittedly received by Plaintiff and applied on the account.
In De Rouen v. Aiavolasiti, La.App., 121 So.2d 851, the Court said:
"Defendant was allowed to testify, without objection, that he was the agent of a corporation, but his testimony fails to establish that he disclosed such agency to plaintiff at any time during their relations. One who contracts is presumed to act for himself and is personally liable. If he would relieve himself of responsibility on the ground of agency he must allege and prove that at the time of making the contract he communicated the fact of his agency. New Orleans Brewing Co. v. Goldstein, 12 Orleans App. 323; Three Rivers Hardwood Lumber Co. v. Gibson, La.App., 181 So. 607; Schmidt & Zeigler v. LeBourgeois & Bush, 170 La. 625, 128 So. 656. He who acts for an undisclosed principal is personally liable. Chappius & Chappius v. Kaplan, 170 La. 763, 129 So. 156. Defendant's agency for another is a special defense, which should be specially pleaded. Pugh v. Eylers, 16 La.App. 576, 135 So. 75.
"Agency cannot be proved by the declaration of the reputed agent. State v. Harris, 51 La.Ann. 1105, 26 So. 64. No officer of the corporation was produced to corroborate defendant's self-serving declaration as to his agency."
As no evidence was offered other than Defendant's self-serving declaration of his agency, the record here fails to establish McNabb was acting as an agent of the corporation and not in his individual capacity in making the verbal contract sued upon, and, accordingly, Defendant failed to prove such fact. Moreover, Plaintiff's acceptance of the check of the corporation in payment on the account in no way serves to put Plaintiff on notice he was dealing with the corporation and not McNabb individually. Jahncke Service v. Heaslip, La.App., 76 So.2d 463.
The law is well settled that an individual failing to disclose his agency and failing to contract in the name of the principal is personally liable for the indebtedness so incurred. Perhach v. Bender, La.App., 147 So.2d 18.
There is no dispute as to the quantum inasmuch as counsel stipulated on the verity of the amount due.
For these reasons the judgment of the Trial Court rejecting the demands of Plaintiff against defendant, B. M. McNabb, individually, is reversed, and judgment is rendered in favor of A. H. Wilson, doing business as Southern Gunite Company, against B. M. McNabb for the sum of $2,205.05 together with legal interest thereon from date of judicial demand until paid and all costs.
Reversed and rendered.
ELLIS, J., recused.