EASON, Judge.
In these proceedings, the plaintiff, Guide Newspaper Corporation, has entered suit against three defendants, Louisiana Land & Development Corporation as present owner of the property for which the advertisement for sale was effected (New England Apartments, the previous owner which had sold earlier and judgment rendered against that corporation which apparently is without assets), Carr Realty Company as alleged undisclosed agent for Louisiana Land & Development Corporation, and John A. Lang-ford personally alleged to have signed the advertising contract albeit as president of New England Apartments.
This appeal arises from an exception of no cause or right of action filed on behalf of defendant Carr Realty. Carr Realty contends that the petition has alleged no cause of action against Carr Realty and has no right of action since no contractual relationship existed between plaintiff and Carr Realty. These exceptions were sustained by the trial judge without written reasons for that judgment.
There is well settled jurisprudence in Louisiana concerning Code of Civil Procedure Article 927(4) providing for the peremptory exception of no cause of action. The Louisiana Supreme Court in Louisiana & Arkansas Railway Company v. Goslin, 258 La. 530, 246 So.2d 852 (1971), set forth the general rule that to maintain an exception of no cause of action the allegations of the petition must be such as to exclude every reasonable hypothesis other than the premises upon which the defense is based and all doubts must be resolved in favor of the sufficiency of the petition to state an actionable cause. This position is buttressed by Article 865 of the Code of Civil Procedure which provides:
“Every pleading shall be so construed as to do substantial justice.” LSA-C.C.P. Art. 865.
*78 In these proceedings, the petition alleges that the defendant, Carr Realty, is an undisclosed agent for other of the defendants. Such an undisclosed agency according to time-honored jurisprudence may make the undisclosed agent personally liable. Chappuis & Chappuis v. Kaplan, 170 La. 763, 129 So. 156 (1930). Thus, it is clear that the allegation in the petition, Paragraph VII thereof, that Carr Realty was an undisclosed agent for another defendant, Louisiana Land & Development, sufficiently sets forth a cause of action within the framework of our laws. Accordingly, it is our opinion that the district court should have overruled the exception as it concerns no cause of action.
The peremptory exception of no right of action relates specifically to the party plaintiff and raises the issue concerning the plaintiff’s right to proceed against the defendant. This exception cannot be used to raise a matter which constitutes a defense on the merits rather than an attack on the plaintiff’s capacity to file the suit. The exception of no right of action should have been overruled.
Accordingly, the judgment of the lower court is reversed and these matters are remanded for further proceedings by the lower court.

REVERSED AND REMANDED.