State ex rel Wentz vs. Wilson.

## No. 1234.

### THE STATE EX REL. ED. WENTZ VS. ROBERT J. WILLSON, CLERK SUPREME COURT AT MONROE.

Only one rehearing in any cause can be granted, unless matters are decided which have not been previously considered and reserve has been made for the application.

A petition for a rehearing filed after a judgment on a rehearing, in the absence of a reserve for such petition, will not be considered, and the clerk is authorized to issue a certified copy of the judgment, which has become final, as though the application had not been made.

*Thomas O. Benton* for the Relator.

The opinion of the Court was delivered by

BERMUDEZ, C. J. This is a proceeding to compel the clerk of this court, at Monroe, to deliver to the relator a certified copy of the judgment in his favor, rendered by this court at this place in June last.

The clerk justifies his refusal to issue the copy on the ground that the party cast by said judgment has applied for a rehearing, which has remained pending.

The record shows that two judgments were rendered by this court, at Monroe, in the suit in which the relator was plaintiff and Bernhardt defendant, the *first* sustaining an exception and dismissing the suit; the second (on a rehearing) setting aside the previous one, dismissing the exception and allowing plaintiff judgment for a stated amount.

The case had been argued and submitted both on the exceptions and on the merits, which had been duly considered; the former alone, however, having first been passed upon.

On the discovery of an error of fact, for which the court was not responsible, a rehearing was granted; and, on the rehearing, judgment was rendered setting aside the previous decree and granting plaintiff's money demand in part.

The court adjourned *sine die* on the same day. The application for a rehearing was subsequently handed in.

Rule IX, par. 6, of this court provides:

"Only one rehearing in any cause will be granted, unless matters are decided which had not been previously considered and reserve has been made by the court for an application."

In the present case, not only had the matters decided been previously considered, but also no reserve had been made for the application.

If every subsequent judgment rendered by this court could otherwise remain open to petitions for a rehearing, such judgments could

never become final, and parties would be frustrated of the exercise of their recognized rights.

*Interest reipublicæ'ut sit finis litium.*

The record in this proceeding shows that Bernhardt, the cast defendant, was served with a copy of the petition and *affidavit* therein, making him aware that steps would be taken here for the purpose in view. He has interposed no objection.

The application for a rehearing cannot be considered.

It is therefore ordered and decreed that the rule herein taken be made absolute, and that the clerk of this court, at Monroe, do deliver *forthwith* to the relator a certified copy of the final decree of judgment of this court in the case described in the petition.