ODOM, Justice.
 

 Plaintiff alleges that in the month of April, 1930, the defendant agreed to purchase a certain lot of ground together with the improvements thereon situated in the town of Independence, then owned by the plaintiff company, and to pay therefor the sum of $15,000. It is also alleged that defendant refused to comply with his obligation to purchase the
 
 *123
 
 property. Plaintiff prays for judgment comma tiding and ordering the defendant to accept title to the property and to pay the price thereof in accordance with the alleged terms and conditions. In the alternative, plaintiff prays for judgment for rent on the property at $150 a month for twenty-two months, in case it should be held that plaintiff is not entitled to judgment ordering defendant to accept title to the property. The defense urged by defendant was that the negotiations which took place with reference to the sale of this property were between the plaintiff and the Independence Feed & Flour Company, a corporation of which defendant was president, and not between plaintiff and the defendant personally. It is admitted by defendant that the corporation which he represented did agree through him as president to purchase the said property, hut that he had never agreed to purchase the same for himself, and is not bound.
 

 Plaintiff’s demands were rejected, and it prosecutes this appeal.
 

 The record discloses that on April 16, 1930, Mr. E. Richardson, president of the plaintiff corporation, addressed a letter to diaries Anzalone, the letter reading as follows:
 

 “April 16, 1930.
 

 “Mr. Charles Anzalone, Independence, La.
 

 “Dear Sir: The property occupied by you, as you are aware, has been acquired by the Strawberry Growers Corporation, of which the writer is President. The object of the Corporation is to sell their holdings and pay to the stock holders. The property which you occuxiy is appraised at $15,000.00. It is suggested that if you are interested in the purchase we will be glad to sell to you at that figure. -
 

 “In the mean time the rental will be $150.00 per month from March 1st, to apply on purchase price if consummated by May 1st, 1930.
 

 “It is necessary that we have some definite understanding at once. I have another purchase in view and will serve formal vacancy notice on you within the next few days.
 

 “Very truly yours,
 

 “ER-FO.”
 

 In reply to this letter the defendant wrote Mr. Richardson as follows:
 

 “Independence Feed and Flour Co., Inc.
 

 “General Merchandise
 

 “Independence, La.
 

 .“May 24, 1930
 

 “Mr. E. Richardson, I-Iammond, La.
 

 “Dear Mr. Richardson: Confirming our conversation of yesterday about the Independence building I will take the building at price stated by you for $15,000.00 providing I can get the following terms to wit: Five equal payments including interest.
 

 “What I mean by five equal payments is to add all interest and principal and divide it into five equal payments with the privilege of taking these notes up before due if I can.
 

 “Thanking you, I remain
 

 “Tours very truly,
 

 “Charles Anzalone.
 

 “P.S. I will turn over $4,300.00 worth Bank stock, $100.00 Homestead stock as Cash' Payment if you wish. C.'A.
 

 On May 28, two days.later, the following letter was written to the Hammond Bank. & Trust Company by the defendant through Mr. J. M. Blache:
 

 
 *125
 
 “Fruit & Vegetable Package Company, Inc.
 

 “Hammond, La., May 28, 1980.
 

 “Hammond State Bank
 
 &
 
 Trust Company, Hammond, Louisiana.
 

 “Gentlemen: I desire to alter the proposition submitted to you covering the purchase of brick store located at Independence, formerly owned by the Strawberry Growers Selling Ass’n to read as follows:
 

 “Agreed price $15,000.00, to be paid for
 

 “$5,000.00 on or before 1 year with 8% interest for 1 year,
 

 “$5,000.00 on or before 2 years with 8% interest for 2 years,
 

 “$5,000.00 on or before 3 years with
 
 8%
 
 interest for 3 years.
 

 “Yours truly,
 

 “Chas. Anzalone
 

 “By: J. M. Blache
 

 “Authorized."
 

 Plaintiff’s suit is based upon this correspondence ; it being the contention of plaintiff that these letters show unmistakably that defendant and not the Independence Feed & Flour Company had agreed to purchase the property. However, the defendant testified that Mr. Richardson knew that defendant did not expect to purchase the property for himself personally, but for the corporation which he represented. Mr. Richardson does not seriously dispute the fact that it was understood that defendant’s corporation was to he the purchaser of the property. The building had, for a number of years, been occupied by the corporation, and it was apparently understood that the corporation would continue to use it. Mr. Richardson testified that all of his dealings over a period of several years in connection with the Independence Feed & Flour Company had been with Mr. Anzalone personally. It seems that Mr. Richardson is president of the Hammond State Bank & Trust Company, which had made loans to the feed company, which loans had been negotiated by Mr. Anzalone for his corporation. The loans were made to the Independence Feed & Flour Company, but the notes were indorsed by Mr. Anzalone personally. Mr. Richardson testified that he regarded Mr. Anzalone as financially responsible and always required him to indorse the notes of the feed company.
 

 As we have already stated, Mr. Richardson, who was president of the plaintiff corporation, did not positively deny that he understood that the defendant had entered into negotiations to purchase the property for his company and not for himself personally. He merely said that all his dealings were with Anzalone. We think the following letters .which we quote from the record show conclusively that Mr. Richardson, president of the plaintiff corporation, knew that the defendant, Anzalone, never intended to purchase the property for himself. • We quote letters found on pages 28, 29, and 30 of the record, as follows:
 

 “Hammond State Bank & Trust Co.
 

 “Established 1896
 

 “Hammond, Louisiana
 

 “June 11th, 1931.
 

 “Independence Feed & Flour Company, Mr. Chas. Anzalone, President, Independence, Louisiana.
 

 “Dear Sirs: Please let us have remittance covering rent due on building March 1st, 1933, to May 31st, 1931, inclusive, 15 months,
 
 *127
 
 $150.00 per month, $2,250.00. Your very prompt attention is requested.
 

 “Very truly yours
 

 “Strawberry Growers Corporation
 

 “Ed. Richardson
 

 “President.”
 

 "Hammond State Bank & Trust Co.
 

 “Established 1896
 

 “Hammond, Louisiana
 

 "Hammond, La., June 23rd. 1931
 

 “^Independence Feed & Flour Co., Mr. Chas. Anzalone, President, Independence, Louisiana
 

 “Dear Sirs: Again referring to our letter .-addressed to you under date of the 11th, inst. relative to the rent on building recently vacated by you.
 

 “Unless this matter is adjusted by not later ■than July 1st, it will be submitted to our attorney for such action as will conserve our 'interests.
 

 “Very truly,
 

 “Strawberry Growers Corporation “Ed. Richardson
 

 “President.”'
 

 "Hammond State Bank & Trust Co.
 

 “Established 1896
 

 “Hammond, Louisiana
 

 “Hammond, La., May 26th, 1931
 

 “Independence Feed
 
 &
 
 Flour Co., Independ-. ence, Loirisiana
 

 “Dear Sirs: On the acquisition of the prop-, ■erty which you are now occupying we wrote you that the rent would be one hundred fifty ■dollars per month from March 1st, 1930.
 

 “Under date of May 24th, 1930 you addressed me confirming the sale of the property to you at the price of $15,000.00 and on May 26th, a further confirmation by Mr. J. M. Blache, acting as your agent.
 

 “Very truly yours,
 

 “Ed. Richardson.”
 

 It will be noticed that each of these letters is addressed to the Independence Feed
 
 & '
 
 Flour Company and not to Mr. Anzalone personally. These letters were all written by Mr. Richardson, president of ,the plaintiff company. Referring especially to the letter dated May 26, 1930, we note the following paragraph:
 

 “Under date of May 24th, 1930, you addressed me confirming the sale of the property to you at the price of $15,000.00 and on May 26, a further confirmation by Mr. J. M. Blache, acting as your agent.”
 

 These letters, in connection with the other testimony, show conclusively, we think, that the defendant did not intend to bind, and did not in fact bind, himself personally to purchase the property.
 

 The testimony shows affirmatively that the premises were occupied by the Independence Feed & Flour Company and not by the defendant individually. Therefore whatever amount of rent is due plaintiff is due by the feed company and not by the defendant.
 

 The judgment appealed from is affirmed.
 

 ST. PAUL, J., absent.