ROGERS, Justice.
 

 This is a proceeding to compel the Court of Appeal for the Parish of Orleans to grant a rehearing. The record, which was sent up to this court on a writ of certiorari, shows that two judgments were rendered by the Court of Appeal in the suit in which Dumaine & Co. was plaintiff and Gay, Sullivan & Co., Inc., was defendant. The first judgment sustained an exception of no right of action and dismissed the suit. La. App., 188 So. 163. On rehearing, a second judgment was rendered annulling the previous one and affirming the judgment of the district court awarding Dumaine & Co. damages in the sum of $213.41, with interest and costs. La.App., 192 So. 117. This judgment was rendered without reserving to Gay, Sullivan & Co., Inc., the right to apply for a rehearing. Two days thereafter Gay, Sullivan & Co., Inc., filed a motion in the Court of Appeal asking for the
 
 *782
 
 amendment of the second judgment so as to reserve to mover the right to apply for a rehearing. This motion was overruled, and the case is now before this court for review of this ruling.
 

 The entire argument contained in the brief filed on behalf of Gay, Sullivan & Co., Inc., relator, is devoted to a discussion of the merits of the case. Nowhere in the brief does relator discuss its complaint that the Court of Appeal erred in refusing its motion for a second rehearing. The merits of the case are not before us.
 

 In answer to relator’s complaint that the Court of Appeal refused a rehearing to which relator was entitled, Dumaine & Co., the respondent, contends that, under the rule of law prevailing in this state, only one rehearing will be granted by .an appellate court, unless some question which has not been previously considered is decided on the rehearing and the court has reserved the right to apply for another rehearing. In support of its contention, respondent relies on State v. Wilson, 37 La. Ann. 727; Levert v. Berthelot, 127 La. 1004, 54 So. 329; and Luckett & Hunter v. Texas & P. R. Co., 161 La. 175, 108 So. 405.
 

 While the case of State v. Wilson and this case have some points of resemblance, they differ in the essential fact that in State v. Wilson the court, on the original hearing, considered the case both on the exceptions and the merits, although it passed upon the exceptions alone. On the rehearing, the court decided the case on the merits which it had considered on the original hearing. It was for this reason, as well as for the reason that no reservation had been made for another application, that the court, invoking its rules, refused to consider the second application for a rehearing.
 

 A somewhat similar situation existed in Levert v. Berthelot. In that case the court, after considering the merits on the original hearing, affirmed a judgment of nonsuit. On rehearing, the court, after reconsidering the merits, rendered a monied judgment in favor of plaintiff without reserving to defendant the right to apply for a rehearing. It will thus appear that in those cases the question which was decided on rehearing was also considered by the court on the original hearing.
 

 An examination of the original opinion rendered by the Court of Appeal in this case, and reported in 188 So. beginning at page 163, shows that the Court of Appeal, having concluded that Dumaine & Co., the relator here, had not stated a right of action, decided the case solely on the exception and did not, as in the Wilson and Levert cases, consider the case on its merits.
 

 In Luckett & Hunter v. Texas & P. R. Co., all that was decided was that after the court had refused a rehearing subject to a special reservation, the litigant, in order to ask for a second hearing, must bring himself within the reservation. In that case, this court held that under section 27 of article 7 of the Constitution of 1921 and Article 912 of the Code of Practice, its rule XIV, section 4,. is applicable to rehearings in the Court of Appeal.
 

 Section 4 of rule XIV of this court provides that: “Only one rehearing shall
 
 *784
 
 be granted, unless some question has been decided, on the rehearing granted, which had not, before, been considered, and the court has reserved the right to make another application.” This rule must be interpreted in the light of the provisions of Article 912 of the Code of Practice, found under the title or chapter regulating proceedings in. the Supreme Court and reading, in part, as follows: “In the interval between the day on which the judgment is rendered and that on which it becomes final, a party dissatisfied with the judgment may apply * * * for a new hearing in the cause * * *. ”
 

 The words, “a party dissatisfied with the judgment,” as used in the codal article, clearly means a party against whom a judgment had been rendered. The effect of the article, therefore, is to permit any party to the suit against whom judgment has been rendered to apply for a rehearing within the legal delays, the result of the application being to retard the finality of the judgment. The provision in the rules of the court that only one rehearing shall be granted in a case, when read in connection with the codal article, clearly means that only one rehearing shall be granted to each party to the suit. If a second application for a rehearing is filed by the . same party, the application must be denied under the provisions of the codal article and the rules of court. But this is not the case where the application for rehearing is made by a party dissatisfied with the judgment on rehearing because that judgment has reversed or materially changed to his prejudice', the judgment rendered on the original hearing. Justice and fair-dealing require that if one of the parties litigant is permitted to ask for a rehearing on the judgment on the original hearing with which he is dissatisfied, without any reservation granting him the right, the other party litigant should also be permitted to ask for a rehearing if he is dissatisfied with the judgment rendered on the first rehearing, without any reservation granting him the right.
 

 In the present case the Court of Appeal on its original hearing, rendered a judgment in favor of the relator and against the respondent solely on the exception of no right- of action. Respondent, as “a party dissatisfied with’ the judgment,” applied for and obtained a rehearing. On the rehearing, the Court of' Appeal set aside its former judgment on the exception in favor of relator and rendered judgment on the merits in favor of the respondent. “As a party dissatisfied with the judgment,” relator applied for an order to amend this judgment so as to reserve to relator the right to apply for a rehearing. The applicant for permission to ask for the second rehearing and the grounds on which the application was to be based were wholly different from the applicant for the first rehearing and the grounds on which the application was predicated. In these circumstances, and considering section 4 of rule XIV of this court in connection with Article 912 of the Code of Practice, we think that relator was entitled to apply for a rehearing without the necessity of first obtaining an order for the amendment of the judgment granting it that right.
 

 
 *786
 
 For the reasons assigned, the ruling of the Court of Appeal, denying relator’s motion to amend its judgment handed down on the first rehearing so as to reserve to relator the right to ask for a rehearing, is set aside, and it is now ordered that relator’s right to apply for a rehearing be recognized; said rehearing to be applied for within the legal delays, beginning on the day this decree becomes final, and that the Court of Appeal be ordered to consider and dispose of relator’s application for rehearing in due and orderly course. .Respondent is to pay the costs of this proceeding.