TATE, Judge.
This action is upon an open account. Plaintiff sues for $247.50 for radio advertisements allegedly supplied by it to defendant.
The District Court dismissed plaintiff’s suit after trial, holding that the radio advertisements were supplied to Link Appliances, Inc., a Louisiana corporation, and not to W. T. Link, defendant herein, an individual who was president of said corporation. (Link Appliances, Inc., had become insolvent and gone out of business prior to suit.)
*423 The District Court correctly absolved defendant of any individual liability, based upon the following well-recognized legal principles:
“Ordinarily, a corporation is treated as a legal entity separate and distinct in identity from the members who compose it”, 18 C.J.S., Verbo Corporations, § 4, p. 368. “Apart from constitutional, statutory, or charter provision, the directors and officers of a corporation are not as such personally liable for its debts or contracts.” 19 C.J.S., Verbo Corporations, § 839, p. 262.
“ * * * As a general rule, so far as the liability on corporate contracts is concerned, directors and officers of corporations are in the same position as agents of private individuals. As is true of agents generally, it is well settled that the officers of a corporation are not personally liable on its contracts if they do not purport to blind themselves individually * * * ”, 13 Am. Jur. 993, Section 1049. “The directors or officers of a corporation are not liable for corporate acts and debts simply by reason of their official relation to the corporation. They are merely the agents of the corporation and on principle should no more be held liable therefor than any other agent should be held liable for the acts and debts of his principal,” 13 Am.Jur. 988, Verbo “Corporations”, Section 1044.
See Strawberry Growers’ Corporation v. Anzalone, 179 La. 122, 153 So. 535; Sutton v. Moreland, La.App., 177 So. 396. See, also, Allen v. Cochran, 160 La. 425, 107 So. 292, 50 A.L.R. 459.
Counsel for plaintiff ably seeks to evade application of these general principles by urging that defendant Link is individually liable for the corporate debt because in contracting same as agent on behalf of the corporation, Link did not 'affirmatively disclose or state to plaintiff’s salesman that he (Link) was merely an agent of a corporation (Link’s Appliances, Inc.).
In short, plaintiff-appellant relies on the equally well-recognized legal principle that an agent is individually liable for debts contracted on behalf of his principal if the agent fails to disclose the fact of his agency and the name of his principal.
Cited in support thereof are the following authorities: Article 3012, LSA-C.C.; Chappuis & Chappuis v. Kaplan, 170 La. 763, 129 So. 156; Schmidt & Zeigler v. Le Bourgeois & Bush, Inc., 170 La. 625, 128 So. 656; Dumaine & Co. v. Gay, Sullivan & Co., Inc., La.App., 192 So. 117; Three Rivers Hardwood Lumber Co., Inc., v. Gibson, La.App., 181 So. 607; Magnolia Petroleum Co. v. Hawkins, 19 La.App. 821, 141 So. 389; 3 C.J.S., Verbo Agency, § 216, p. 123; 2 Am.Jur. 316, Section 404, and p. 318, Section 408; Saco Dairy Co. v. Thompson Norton, 140 Me. 204, 35 A.2d 857, 150 A.L.R. 1299; and Annotation, “Use of tradename in. connection with contract executed by agent as sufficient disclosure of agency or principal to protect agent against personal liability,” 150 A.L.R. 1303.
The present uncontradicted facts show that plaintiff’s salesman called on Link at the corporation’s store. The store was plainly marked on the front window and by a neon sign as the place of business of “Link’s Appliances, Inc.” (Italics ours.) Plaintiff’s salesman took an oral order for the radio advertising in question.[1] We do not feel that under these facts there was any further duty on Link to call the cor *424 porate nature of the business to the attention of plaintiff’s salesman.
The only cases cited by plaintiff which hold corporate officers or employees individually liable for corporate debts incurred through them are Jahncke Service, Inc., v. Heaslip, La.App., 76 So.2d 463; Kidd-Russ Trunk & Bag Co., Inc., v. Meyer, 11 La.App. 210, 123 So. 506, which are distinguishable on the facts.
In the Heaslip case, the defendant-purchaser individually prior to his incorporation had done business with plaintiff-seller; the purchaser incorporated his business and continued to order and receive supplies, some of which were paid for by his corporation’s checks. The defendant individual was held liable, however, because the seller had extended credit to him individually, and he had never notified the seller that the later purchases were made by and for the corporation. The seller was therefore justified in assuming that said purchases were ordered for Heaslip’s individual account ; and in fact, they were so shown upon the seller’s books.
In the Meyer case, likewise, the purchases were made by and charged to an individual defendant to whom credit was extended by the vendor seller, without disclosure or other notice by the individual to the seller that said purchases were allegedly made by the individual merely as an agent of the corporation rather than for himself in his individual capacity.
In the present case, there was no reliance upon the individüal’s rather than the corporation’s credit. The seller walked into a store, plainly marked as a corporate business, with whom the seller had never before done business. The seller took an oral order from the corporate officer working therein. Under these circumstances, whatever might be the relative duties of a purchasing agent to disclose or of a seller to investigate the corporate nature of the purchasing principal, it is clear that the corporate officer is not individually liable for an oral contract he entered into on behalf of the corporation.
For the above and foregoing reasons, the judgment appealed from is affirmed.
Affirmed.

. As to an individual’s binding himself for a corporate debt by his execution of a written contract on behalf of the corporation, see 13 Am.Jur. 993-998, Verbo “Corporations”, Sections 1049-1056; 19 C.J.S., Verbo Corporations, § 1074, p. 611; Annotations, “Personal liability of directors as affected by terms of a written contract or form of signature”, 33 A.L.R. 1353 and 51 A.L.R. 319.