GLADNEY, Judge.
Plaintiff’s suit for the recovery of $1,-200.00 is met with the defense the money was borrowed on behalf of defendant’s principal, Madison Park Appliance and Furniture, Inc., and that defendant is not personally liable for its repayment. From a judgment rejecting plaintiff’s demands, she has appealed.
The plaintiff, Mrs. Maude Hays, a sixty-nine year old widow, was possessed of extremely poor eyesight when she entered into the transactions herein involved, which occurred on January 27 and January 30, 1961. She testified that she was completely without sight in one eye and had but limited vision in the other, her condition having required eleven operations. The defendant, Jack Claterbaugh, was the president of the now defunct corporation, Madison Park Appliance and Furniture, Inc., which was either wholly or substantially owned by him and completely subject to his management. The defendant testified this was “my first business I have ever owned myself.” It is not clearly disclosed by the record the corporation enjoyed an identity separate from that of the defendant. The place of business of said corporation was located two blocks from where the plaintiff lived, and Mrs. Hays and Jack Claterbaugh had been acquainted for about two years. At one time he offered to engage her as a saleslady in the store, but she declined. She, likewise, refused to invest in the business, saying she needed her money for medical services. She had purchased some appliances from the store and was friendly disposed toward the defendant.
On January 27, 1961, the defendant appeared at plaintiff’s home and requested a loan of $500.00, which he promised would he repaid in three or four days. Mrs. Hays consented and requested the defendant to *739 fill out a check for her and she would sign it. This was done, except as to the name of the payee on the check, which was left blank, and later the defendant stamped in the name of the corporation. On January 30, 1961, Claterbaugh again came to plaintiff’s home and requested an additional loan of $750.00, to which Mrs. Hays again consented. This time the defendant left with plaintiff an instrument which he testified was in the form of a check for $750.00, with the word “note” written on it. The second check signed by Mrs. Hays was made out in longhand by the defendant, was dated January 28, 1962, and made payable to the corporation. The record discloses that on or about March 5, 1961, the defendant gave to plaintiff a promissory note of the corporation for $1,250.00, payable in twenty-four equal monthly installments, with interest from maturity, and took up the check or note for $750.00. On April 27, 1961, plaintiff received and cashed a money order in the name of Madison Park Appliance and Furniture, Inc. Thereafter no further payments were made on the indebtedness and when all of the merchandise was removed from the store, plaintiff sought legal advice.
The foregoing recitation of circumstances surrounding the two transactions is not in dispute. Plaintiff, however, earnestly insists the defendant represented to her the money was for the purpose of paying the defendant’s income taxes, and the loans she made were personal loans to the defendant which he persuasively stated would be repaid in three or four days. The defendant testified he explained to Mrs. Hays that the money was being borrowed for the purpose of paying salaries, obligations and taxes of the corporation.
In explanation of the disbursement of the money received from plaintiff, Claterbaugh testified that he used a substantial part of it to repay a debt to Ted Robinson, from whom he had borrowed to pay rent on the building, and the balance went for merchandise. Defendant testified that at the time he borrowed the money he needed it for “taxes coming up, and I had to pay the rent, salaries and bills, and everything like that.” Defendant’s testimony indicates clearly the business was in the red when he borrowed from Mrs. Hays and that it completely folded up in March. On the occasion when he took Mrs. Hays the note payable in twenty-four months, she told him she would like for it to be paid sooner. He testified:
“ * * * So I had some stock that I owned outright and I told her that I was going to sell it and do all I could to pay on it, and so she said: ‘Well, just as soon as you can pay me back, pay me back then.’ When the distributors found out that I owed — my corporation owed quite a bit of money, they took the stock.”
It is our appreciation of the testimony, taken as a whole, that Mrs. Hays believed she was making a loan to the defendant individually. She would not have been under this misapprehension had defendant told her that he would not personally be responsible for repayment of the obligation. Because of her poor vision, age and obvious lack of business judgment, it was the moral and legal duty of Claterbaugh to see that she did not misunderstand. True, he testified he did explain the money was being borrowed for the business, but his testimony is not convincing that Mrs. Hays was told he himself would not be responsible.
A well recognized general legal principle is that an agent is individually liable for debts contracted on behalf of his principal if the agent fails to disclose the fact of his agency and the name of his principal. LSA-C.C. Arts. 3012 and 3013: Three Rivers Hardwood Lumber Company, Inc. v. Gibson, La.App., 181 So. 607-609 (2d Cir. 1938) ; Dumaine & Company v. Gay, Sullivan & Company, Inc., 194 La. 777, 194 So. 779 (1940), reversed on other grounds La.App., 192 So. 117; Jahncke Service, Inc. v. Heaslip, La.App., 76 So.2d 463 (Orl.Cir.1955); Air Waves, Inc. v. Link, La.App., 89 So.2d 422 (1st Cir. 1956); and De Rouen v. Aiavolasiti, La.App., 121 So.2d 851 (Orl *740 .Cir.1960). In De Rouen v. Aiavolasiti, the court, with citation of authorities recognized the principle that “one who contracts is presumed to act for himself and is personally liable. If he would relieve himself of responsibility on the ground of agency, he must allege and prove that at the time of making the contract, he communicated the fact of his agency." This case also holds that a defendant’s agency for another is a special defense, which should be specially pleaded and that agency cannot be proved by the declaration of the reputed agent.
The contention is made that the accept-tance by plaintiff of the payment of the $50.00 money order from the corporation and the acceptance of a note of the corporation proves that the loans incurred were on behalf of the corporation and not by the defendant. The fact that Mrs. Hays accepted the money order from the corporation is not of itself significant. In Three Rivers Hardwood Lumber Company, Inc. v. Gibson, supra, this court stated:
"The fact that the two checks bearing the name of the William Lorimer Lumber Company and signed by defendant were accepted as payments on the account is not especially significant. It is well known that occasionally, although perhaps not frequently, a company issues and delivers its check in payment of or as credit on an individual and personal account of an employee.”
This holding was followed in Jahncke Service, Inc. v. Heaslip, supra, where the court said that the acceptance of several checks bearing the corporation’s name was not sufficient to put it on notice that it was dealing with a corporation and not with Heaslip individually.
 Nor can we treat the delivery of the corporation note to Mrs. Hays as an act of novation. LSA-C.C. Arts. 2190 and 2192. The novation of a contract is never presumed and the discharge of an original debtor must be express.
The position of the trial court was that plaintiff had the burden of proving that the defendant was personally obligated to repay the loans and that she had failed to establish such proof by a preponderance of the evidence. In view of the above authorities, it is our holding that it was incumbent upon the defendant to specially plead the liability of his principal and the burden of proof rests upon the mandatary to exonerate himself from individual liability by establishing that he acted in the capacity of a mandatary and such fact was disclosed to the plaintiff prior to securing the money from her. As pointed out above, it is our opinion it was the legal duty of Claterbaugh to plainly make known to Mrs. Hays that he would incur no individual liability but that liability for the return of the money would be solely that of the corporation. Had defendant done this, we doubt that plaintiff would have consented to placing her signature on the checks. Furthermore, since the defendant did subsequently offer to settle with the proceeds from the sale of individually owned stock, coupled with his ownership and management of the business, we are of the opinion that Mrs. Hays was justified in believing Claterbaugh was personally responsible.
For the foregoing reasons, the judgment from which 'the plaintiff has appealed is annulled, reversed and set aside, and it is ordered that there be judgment in favor of Mrs. Maude Hays and against the defendant, Jack Claterbaugh, in the amount of One Thousand Two Hundred ($1,200.00) Dollars, with legal interest from judicial demand, defendant to pay all costs.