GLADNEY, 'Judge.
Plaintiff instituted this suit against the defendant, B. Bender, doing business as Redneb Pipe Company, for the purpose of collecting $1,911.00 for welding services. Bender defended on the ground that Red-neb Pipe Company was a corporation, that he had not personally obligated himself to plaintiff nor conducted business in his individual name, and that the obligation sued on was made solely for the benefit of the corporation. Upon these issues the case was tried, resulting in judgment being rendered in favor of plaintiff. The court held that the defendant incurred personal liability for the obligation to plaintiff for not communicating the fact that he was the agent of the corporation, which disclosure should have been made at the time the contract was entered into between the plaintiff and the defendant. The defendant has appealed from the decision.
The evidence discloses that B. Bender made a personal call upon plaintiff and entered into a contract requiring welding services, the cost of which is the subject of this suit. It further appears that all dealings in connection with the transaction between plaintiff and defendant were participated in by the defendant. The record does not present any evidence corroborative of the testimony of Bender that plaintiff was informed of the corporate capacity of Redneb Pipe Company.
The Redneb Pipe Company is shown to have been a corporation organized under the laws of Delaware and at the time of the transaction between plaintiff and defendant it was authorized to do business within the State of Louisiana, Ohio and other states. Its principal office was in Shreveport, where it maintained a bank account at the Pioneer Bank & Trust Company. It appears that the company was either wholly or substantially owned by B. Bender and its name was derived by spelling “Bender” backward. *19 Bender is designated in its charter as its president, and all of its operations appear to have been completely subject to his management. During July of 1954, the Red-neb Pipe Company contracted with the Ohio Oil Company for the purchase of a large amount of pipe, which it intended to resell. The necessity of welding pit holes in the pipe brought about the confection of the contract herein sued upon.
The record contains testimony by Per-hach and Bender. Perhach testified Bender told him that he owned the Redneb Pipe Company and that Redneb was “Bender” spelled backward; that he believed the defendant was acting for himself personally, and that he, plaintiff, had no reason to believe that Redneb Pipe Company was a corporation, and made no inquiries about its true status. Plaintiff was presented with Bender’s card reading in large black type “REDNEB PIPE CO.” Also appearing on the card was the name “B. BENDER”. Bender signed the shop order and testified that he then told plaintiff he was the company’s president. During the progress of the welding work, ten invoices were addressed to Redneb Pipe Company. The first five of these were paid by checks on Red-neb’s account with the Pioneer Bank & Trust Company. Printed on these checks is the name “REDNEB PIPE CO.” The checks were signed by B. Bender, two of which were co-signed by Rosalie Nasser and three were co-signed by Taylor O’-Hearn. The official capacities of Nasser and O’Hearn are not indicated on the checks. The corporation became insolvent during the progress of the work and the last five invoices, amounting to $1,911.00 were not paid.
In complaining of the judgment of the trial court, counsel for appellant charges error in failing to give proper weight to the documentary evidence in the record and to the testimony of the defendant; in placing the burden of proof on the defendant, instead of the plaintiff; in failing to recognize that the contract was entered into in the name of the corporation, Redneb Pipe Company ; and in applying principles of law applicable only where the contract was entered into in the name of an agent for an undisclosed principal.
The important issue is whether, as a matter of fact, Bender disclosed to plaintiff at the time the contract was formed, that he was acting on behalf of the corporation as its agent. Proof of this fact must be found in the testimony of Perhach and Bender. The reasons for the judgment of the trial court reflect that the trial judge carefully examined the testimony of each of these witnesses and concluded Bender had not only failed to disclose to Perhach that the engagement was for a corporation, but gave the impression that he was the sole owner of Redneb Pipe Company. Such evidence, of course, would be sufficient to justify Per-hach in believing that Bender was contracting as an individual and that Redneb Pipe Company was simply a trade name.
This court had occasion recently to consider the question of the personal liability of one who has incurred indebtedness without disclosing his agency. In Hayes v. Claterbough, La.App., 140 So.2d 737 (2d Cir.1962) we commented:
“A well recognized general legal principle is that an agent is individually liable for debts contracted on behalf of his principal if the agent fails to disclose the fact of his agency and the name of his principal. LSA-C.C. Arts. 3012 and 3013: Three Rivers Hardwood Lumber Company, Inc. v. Gibson, La.App., 181 So. 607-609 (2d Cir.1938); Dumaine & Company v. Gay, Sullivan & Company, Inc., 194 La. 777, 194 So. 779 (1940), reversed on other grounds La.App., 192 So. 117; Jahncke Service, Inc. v. Heaslip, La.App., 76 So.2d 463 (Orl.Cir.1955); Air Waves, Inc. v. Link, La.App., 89 So.2d 422 (1st Cir.1956); and De Rouen v. Aiavolasiti, La.App., 121 So.2d 851 (Orl.Cir.1960). In De Rouen v. Aiavolasiti, the court, with citation of authorities recognized the principle that ‘one who con *20 tracts is presumed to act for himself and is personally liable. If he would relieve himself of responsibility on the ground of agency, he must allege and prove that at the time of making the contract, he communicated the fact of his agency.’ This case also holds that a defendant’s agency for another is a special defense, which should be specially pleaded and that agency cannot be proved by the declaration of the reputed agent.”
Referring to Three Rivers Hardwood Lumber Company, Inc., supra, it was said:
“This holding was followed in Jahncke Service, Inc. v. Heaslip, supra, where the court said that the acceptance of several checks bearing the corporation’s name was not sufficient to put it on notice that it was dealing with a corporation and not with Heaslip individually.”
It is recognized in the business world that trade names frequently make use of the word “Company” when, in fact, a business may be either a proprietorship or a partnership. The following definitions of “trade name” and “company” appear relevant in considering whether or not Perhach was justified in believing that he was dealing with a business other than a corporation. Words and Phrases, Vol. 42, pp. 271, 272, contains the following definitions of “Trade-Name”:
“A ‘tradename’ is a word or phrase by which a business or specific articles of merchandise from a specific source are known to the public. Direct Service Oil Co. v. Honzay, 2 N.W.2d 434, 436, 211 Minn. 361.
“It is a matter of common observation that persons do business frequently under what is known as a ‘trade-name,’ a name adopted for the purpose of giving them an apparent standing in the business community. There is no law preventing the use of a trade-name by an individual. The use by an individual of his name, followed by the term Co.,’ used as a trade-name did not necessarily create a presumption that he had a partner or partners, or that such title included more than one person. Willey v. Crocker-Woolworth Nat. Bank, 75 P. 106, 108, 141 Cal. 508.”
Volume 8 of Words and Phrases, pp. 254, 255 contains the following definitions of “Company”:
“The word ‘company’ is of indefinite meaning. Application of Central Airlines, 185 P.2d 919, 923, 199 Okl. 300.
“The word ‘company’ does not necessarily mean a corporation, but may mean a firm, partnership, or individual. Atlantic Coast Line R. Co. v. State, 69 S.E. 725, 729, 135 Ga. 545, 32 L.R.A., N.S., 20.
“The use of the term ‘company’ in a trading or manufacturing business does not necessarily import corporate existence. The word may be employed equally well by a corporation, a partnership, or an individual doing business under a trade-name. Keystone Pub. Co. v. Hill Dryer Co., 105 N.Y.S. 894, 55 Misc. 625.”
 We conclude that the judgment of the trial court is correct and should not be disturbed. The trial judge gave proper weight to all of the evidence in the record, including the testimony of the defendant. Hayes v. Claterbaugh, supra, and other authorities placed the burden of proof upon Bender to prove he made disclosure of his agency upon entering into the contract with Perhach. Appellant failed in this respect.
The judgment from which the defendant has appealed is affirmed at his cost.