BOLIN, Judge.
Plaintiff instituted suit against C. C. Lunsford, Jr., individually, and against two corporations to recover the sum of $1142.45 for materials and labor allegedly furnished to defendants for the installation of complete plumbing facilities in the construction of a dwelling in the City of Shreveport. No service of citation was made upon the corporations, but Lunsford filed an answer in the form of a general denial. The lower court rendered judgment as prayed for against Lunsford individually and he has appealed.
The record of the trial is very brief and consists exclusively of the testimony of plaintiff Giglio and defendant Lunsford. There was no dispute over the amount of the claim or that the materials and labor were incorporated in the dwelling as alleged in the petition. In essence, the sole defense is that Lunsford was acting for and on behalf of Lunsford Construction Company, Inc., of which he was president, when he made the purchases and contracts with Giglio. Plaintiff emphatically denied he ever dealt with Mr. Lunsford except in an individual capacity. He said all invoices and statements were mailed directly to Lunsford at his home address in Shreveport. He further testified Lunsford never informed him he was acting as agent for a corporation rather than as an individual.
Mr. Lunsford, on the other hand, testified he had done business with Giglio before and in each instance he had conducted such business in his representative capacity as agent for the corporation of which he was the principal stockholder. In support of this position there were seven checks intro *61 duced into evidence reflecting payments to Universal Plumbing Company drawn on the account of Lunsford Construction Company, Inc., signed by C. C. Lunsford, Jr.
The trial judge, in his written reasons assigned for ruling in plaintiff’s favor, cited the cases of Hayes v. Claterbaugh (La.App. 2 Cir., 1962) 140 So.2d 737 and Perhach v. Bender (La.App. 2 Cir., 1962) 147 So.2d 18. As said in Hayes v. Claterbaugh, supra:
“A well recognized general legal principle is that an agent is individually liable for debts contracted on behalf of his principal if the agent fails to disclose the fact of his agency and the name of his principal. LSA-C.C. Arts. 3012 and 3013.” (Citing cases.)
Also pertinent is the recent holding in Wilson v. McNabb (La.App. 1 Cir., 1963) 157 So.2d 897, in which there is practically no factual difference from the case at bar. The court there concluded since there was no evidence, except defendant’s self-serving declaration of his agency, he had failed to establish he was acting as agent for the corporation and not in his individual capacity. In conclusion the court stated:
“ * * * Moreover, Plaintiff’s acceptance of the check of the corporation in payment on the account in no way serves to put Plaintiff on notice he was dealing with the corporation and not McNabb individually. Jahncke Service v. Heaslip, La.App., 76 So.2d 463.”
The trier of facts apparently made a factual finding that Lunsford disclosed neither his agency nor that he was acting on behalf of the corporation. He concluded the defendant had failed in his defense and consequently gave judgment for plaintiff. We see no error in the judgment appealed from. It appears to us the esteemed trial judge correctly set forth the legal questions presented and gave valid reasons for refusing to exculpate Lunsford from personal liability. The law is clear and the only conflict relates to the evidence. We are not inclined to overrule the factual findings of the trial judge who was in a much better position to decide this issue than this court.
For the reasons assigned the judgment appealed from is affirmed at appellant’s cost.
Affirmed.